525 A.2d 864

Della Farber, Appellant *v.* Betty L. Engle and Frank Engle, h/h and Consolidated Rail Corporation and City of Philadelphia and Commonwealth of Pennsylvania, Appellees.

Della Farber, Appellant v. Frank Engle and Betty L. Engle, his wife, and Consolidated Rail Corporation and City of Philadelphia and Commonwealth of Pennsylvania, Appellees.

174

Argued February 24, 1987, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Philip H. Rush,* for appellant.

*Barbara R. Axelrod,* Divisional Deputy in Charge of Appeals, with her, *Armando A. Pandola, Jr.,* Chief

Deputy in Charge of Claims, and *Handsel B. Minyard,* City Solicitor, for appellee, City of Philadelphia.

*J. Matthew Wolfe,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for appellee, Commonwealth of Pennsylvania.

OPINION BY JUDGE DOYLE, May 14, 1987:

Della Farber (Appellant) appeals from two orders of the Court of Common Pleas of Philadelphia County granting the Commonwealth of Pennsylvania's (Commonwealth) motion for summary judgment and the City of Philadelphia's (City) motion for judgment on the pleadings in her action against these two entities. We affirm.

On April 1, 1981, Appellant disembarked from a passenger train at Consolidated Rail Corporation's (Conrail) Fox Chase station. The station is located on the south side of Rhawn Street where it intersects with Elberon Street in the City. The station was extremely crowded that day due to a strike by employees of the Southeastern Pennsylvania Transportation Authority. As Appellant crossed Rhawn on that rainy evening, she was struck by a car driven by Betty Engle and sustained serious injuries. Rhawn Street at the situs of the accident is part of Legislative Route 67323.

Appellant filed suit against Conrail, Engle, the Commonwealth and the City. The Commonwealth and the City each filed a preliminary objection to the complaint.[1] The Commonwealth's objection was that under Section 203 of the Act of September 18, 1961 (Act), P.L. 1389, 36 P.S. §1758-203, the duty to regulate and con-

---

[1] Conrail also filed preliminary objections to the complaint, which were sustained by the trial court. Appellant took no appeal from that decision.

trol traffic on this legislative route in cities of the first class was upon the City, not the Commonwealth. The City's objection was that the complaint did not state a cause of action that fell within any of the eight exceptions to governmental immunity contained in Section 8542(b) of the Judicial Code (Code).[2] On March 15, 1982, Judge GAFNI of the Court of Common Pleas of Philadelphia County, without filing an opinion, entered orders overruling the Commonwealth's and City's preliminary objections.

The case proceeded and in 1985, the Commonwealth moved for summary judgment and the City for judgment on the pleadings on the same bases relied upon in their respective preliminary objections. Judge DIBONA of the Court of Common Pleas of Philadelphia County granted both motions by separate orders dated November 22, 1985. These appeals followed.[3]

We first address Appellant's contention regarding the City. Appellant argues that Judge DIBONA erred in granting the City's motion because Judge GAFNI's ruling constituted the "law of the case."[4] Although the "law of the case" doctrine is inapplicable in the instant case,[5]

---

[2] 42 Pa. C. S. §8542(b).

[3] Appellant properly appealed the order granting the Commonwealth's motion for summary judgment to this Court. Appellant appealed the order granting the City's motion, however, to the Superior Court. The Superior Court transferred that phase of the case to us, pursuant to 42 Pa. C. S. §5103, and we have consolidated the cases for argument and disposition.

[4] This same argument was also raised regarding the Commonwealth. This issue was not raised, however, in Appellant's answer to the Commonwealth's motion, nor in its memorandum of law, which was attached to the answer; that issue is therefore waived with regard to the Commonwealth. Rhoads v. Lancaster Parking Authority, 103 Pa. Commonwealth Ct. 303, 312, 520 A.2d 122, 127 (1987); Pa. R.A.P. 302(a).

[5] The doctrine of "law of the case" provides that where an *appellate court* has considered and decided a question on appeal, that

*Reamer's Estate,* 331 Pa. 117, 200 A. 35 (1938), Appellant does touch upon a closely related doctrine.

The general rule is that absent some new evidence, it is improper for a trial judge to overrule an interlocutory order entered by another judge of the same court involving the same issue. *Commonwealth v. Tyson,* 57 Pa. Commonwealth Ct. 569, 427 A.2d 283 (1981); *Sherman v. Yoder,* 59 Pa. Commonwealth Ct. 430, 430 A.2d 347 (1981). The policy underlying this rule, sometimes erroneously referred to by the term "law of the case," is that there must be some finality to the determination of all pre-trial applications so that judicial economy and efficiency can be maintained. *Reifinger v. Holiday Inns, Inc.,* 315 Pa. Superior Ct. 147, 461 A.2d 839 (1983). In this case, however, Judge GAFNI overruled the City's preliminary objection without opinion, and we cannot ascertain, therefore, the basis for his decision. Judge GAFNI may have made his determination based on the merits of the objection, or he may have based his reasoning on the ground that the defense of immunity was improperly raised by preliminary objection. Pa. R.C.P. 1030; *McCreary v. City of Philadelphia,* 95 Pa. Commonwealth Ct. 285, 505 A.2d 385 (1986). We cannot say, therefore, that Judge DiBONA's granting of the City's motion was improper under the circumstances. *See Pennsylvania Association of State Mental Hospital Physicians v. State Employees' Retirement Board,* 31 Pa. Commonwealth Ct. 151, 375 A.2d 863 (1977), *aff'd,* 484 Pa. 313, 399 A.2d 93 (1979).

---

court will not, in a subsequent appeal of another phase of the same case, reverse its previous ruling, even though convinced it was erroneous. *Delaware River Port Authority v. Pennsylvania Public Utility Commission,* 408 Pa. 169, 173-177, 182 A.2d 682, 684-85 (1962). The doctrine is inapplicable here because the rule applies only to *appellate courts. Kuchinic v. McCrory,* 422 Pa. 620, 625 n.7, 222 A.2d 897, 900 n.7 (1966).

Appellant next argues that her complaint set forth a cause of action against the City. She relies on paragraph 20(c) of her Complaint, which reads:

> 20. Plaintiff's accident and injuries were the proximate result of the negligence and carelessness of Defendants, City of Philadelphia and the Commonwealth of Pennsylvania, which negligence includes, but is not limited to the following:
>
> . . . .
>
> (c) Failure to provide adequate and appropriate traffic controls, including crosswalks, traffic signals, police and other appropriate controls at the aforesaid location.

Appellant claims that these allegations are sufficient to state a cause of action that falls within Section 8542(b)(4) of the Code.[6] We disagree. A plaintiff seeking to recover under Section 8542 of the Code must meet two distinct requirements. *Rhoads v. Lancaster Parking Authority*, 103 Pa. Commonwealth Ct. 303, 520 A.2d 122, 128 (1987). First, she must show that she possesses a common law or statutory cause of action against the local agency, 42 Pa. C. S. §8542(a), and second, the cause of action must fall within one of the exceptions to governmental immunity contained in Section 8542(b). In order to prove a common law cause of action grounded on negligence, the following elements generally must be shown:

> 1. *A duty, or obligation, recognized by the law,* requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks.
>
> 2. A failure on his part to conform to the standard required.

---

[6] 42 Pa. C. S. §8542(b)(4).

3. A reasonably close causal connection between the conduct and the resulting injury. . . .

4. Actual loss or damage resulting to the interests of another.

*Macina v. McAdams,* 280 Pa. Superior Ct. 115, 120, 421 A.2d 432, 434 (1980) (quoting Prosser, Law of Torts §30 at 143 (4th ed. 1971)) (emphasis added). Appellant's complaint in this case avers that the City *failed* to provide traffic controls on Rhawn Street. We have held previously that the City has no duty at common law, or by statute or ordinance, to erect traffic controls. *Bryson v. Solomon,* 97 Pa. Commonwealth Ct. 530, 510 A.2d 377 (1986). *See also Swank v. Bensalem Township,* 68 Pa. Commonwealth Ct. 520, 449 A.2d 837 (1982), *rev'd on other grounds,* 504 Pa. 291, 472 A.2d 1065 (1984). Once they are erected, however, a suit alleging negligent maintenance of traffic controls might lie against the City. *See Knudsen v. Delaware County Regional Water Quality Control Authority,* 84 Pa. Commonwealth Ct. 36, 478 A.2d 533 (1984). Such is not the case here, however, and accordingly, since Appellant has failed to establish a common law or statutory cause of action against the City, the complaint was properly dismissed.

Appellant also argues that the trial court should have considered the report of her traffic control expert in construing the complaint. In passing upon a motion for judgment on the pleadings, a court may consider only the pleadings themselves and any documents properly attached thereto. *Hammermill Paper Co. v. Rust Engineering Co.,* 430 Pa. 365, 243 A.2d 389 (1968). It may not consider depositions or other collateral evidence. *Nederostek v. Endicott-Johnson Shoe Co.,* 415 Pa. 136, 202 A.2d 72 (1964). In this case, the expert's report was not part of the complaint, but was attached to Appellant's answer to the motion and accompanying memorandum of law in response to the City's motion, neither

of which is part of the pleadings. *See* Pa. R.C.P. No. 1017(a). Nor did Appellant at any time move the trial court to allow her to amend her complaint so as to make the expert's report part of the complaint or to include allegations based upon the expert's report in her complaint. *See* Pa. R.C.P. No. 1033; Pa. R.C.P. No. 1019. Thus, the trial court acted properly in refusing to consider Appellant's expert's report in ruling on the City's motion.

We now turn to the issue raised by Appellant regarding the liability of the Commonwealth. Summary judgment may be entered only when the case is free from doubt, the moving party establishes that no issue of material fact exists, and the movant is entitled to judgment as a matter of law, viewing the record in the light most favorable to the nonmoving party. *Burd v. Department of Transportation,* 66 Pa. Commonwealth Ct. 129, 443 A.2d 1197 (1982), *rev'd on other grounds,* 502 Pa. 577, 467 A.2d 1108 (1983). Appellant argues that paragraph 20(c) of the complaint, along with the expert's report, viewed in the light most favorable to her, constitutes allegations of negligent design of the intersection of Rhawn and Elberon by the Commonwealth. Although the Commonwealth may be held liable for negligent design of a highway, *i.e.,* a *design* defect, *Wyke v. Ward,* 81 Pa. Commonwealth Ct. 392, 474 A.2d 375 (1984), all that the record in the situation presented here indicates is that the traffic controls at the intersection may have been *inadequate,* and not that the traffic controls which were there were negligently misplaced. Under Section 203 of the Act, the responsibility to regulate and control traffic on this legislative route is allocated to the City, not the Commonwealth.

Accordingly, based upon the foregoing discussion, the orders of the Court of Common Pleas of Philadelphia County are hereby affirmed.

ORDER IN 3400 C.D. 1985

NOW, May 14, 1987, the order of the Court of Common Pleas of Philadelphia County, No. 1040, December Term, 1981, dated November 22, 1985, granting the Commonwealth of Pennsylvania's motion for summary judgment is hereby affirmed.

ORDER IN 6 T.D. 1986

NOW, May 14, 1987, the order of the Court of Common Pleas of Philadelphia County, No. 1040, December Term, 1981, dated November 22, 1985, granting the City's motion for judgment on the pleadings is hereby affirmed.