588 A.2d 1317

**LEXINGTON INSURANCE COMPANY, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, INSURANCE DEPART-MENT; James S. Lewis; Kramer Capital Consultants, Inc.; Paul Sweeney; Scor Reinsurance Company; Hugh O'Brien; and Paul Tyahla, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Oct. 2, 1989.

Decided Nov. 1, 1989.

Publication Ordered April 5, 1991.

Scott T. Redman, Pittsburgh, for petitioner.

Thomas F. Halloran, Pittsburgh, for respondents, Kramer Capital Consultants Inc. and Paul Sweeney.

Greg T. Kinskey, Pittsburgh, for respondent, Scor Reinsurance Co.

Before BARRY and PALLADINO, JJ., and BARBIERI, Senior Judge.

## OPINION

BARRY, Judge.

Before this court is a motion for judgment on the pleadings arising out of the liquidation of Northeastern Fire Insurance Company (Northeastern Fire). The motion was filed by the Commonwealth of Pennsylvania Insurance Department (Insurance Department); its Director of Liquidation, James S. Lewis; the appointed rehabilitators of Northeastern Fire, Kramer Consultants, Inc. and Paul Sweeney; and Northeastern Fire employees, Hugh O'Brien and Paul Tyahla.[1] This action was commenced by an original jurisdiction complaint filed by Lexington Insurance Company pursuant to 42 Pa.C.S. § 761(a)(3). Scor Reinsurance Company (Scor) is also a defendant in this action.

This court's opinion in *Vickodil v. Commonwealth of Pennsylvania Insurance Department*, 126 Pa.Commonwealth Ct. 390, 559 A.2d 1010 (1989), provides guidance in understanding the factual background of this factually related case. A $1.475 million judgment was obtained by a Mr. and Mrs. Vickodil against a tortfeasor arising out of an automobile accident tort claim. The chain of the tortfeasor's liability insurance was as follows: (1) Aetna Life and Casualty Company for liability up to $100,000; (2)

1. The foregoing parties are collectively referred to in this opinion as the Commonwealth defendants.

Northeastern Fire, the primary excess insurer, for liability from $100,000 to $1,000,000, a percentage of which was reinsured by Scor pursuant to a contract between Scor and Northeastern Fire; and (3) Lexington Insurance Company, an additional excess insurer and the plaintiff in this action, for liability exceeding $1,000,000. During litigation of the Vickodil's negligence claim, Northeastern Fire was ordered into rehabilitation and later liquidation, pursuant to Article V of the Insurance Department Act of 1921, Act of May 17, 1921, P.L. 789, *as amended,* added by the Act of December 14, 1977, P.L. 280, *as amended,* 40 P.S. §§ 221.1–221.63. The Insurance Department supervised the rehabilitation and liquidation of Northeastern Fire under this court's direction.[2]

Based on Northeastern Fire's rehabilitation and liquidation, the Vickodils were able to recover the statutory maximum from the Pennsylvania Insurance Guaranty Association ($299,900), Section 201(b)(1)(i) of The Pennsylvania Insurance Guaranty Association Act, Act of November 25, 1970, P.L. 716, *as amended,* 40 P.S. § 1701.201(b)(1)(i). An action was instituted by the Vickodils, however, to recover the amount of the overall judgment that the Vickodils were unable to collect based upon Northeastern Fire's rehabilitation and liquidation. The Vickodils alleged that the Commonwealth defendants violated fiduciary duties and engaged in bad faith and otherwise careless conduct. Specifically, the Vickodils alleged that, but for the Commonwealth defendants' conduct, the underlying tort claim would have been settled without trial for a lesser amount than the judgment or that the judgment would have been satisfied prior to liquidation.

In *Vickodil,* this court sustained a demurrer to the complaint holding that the duty owed under the statute was to minimize "financial harm to *all* policyholders, creditors and the general public". *Vickodil,* 126 Pa.Commonwealth Ct. at 396, 559 A.2d at 1013 (emphasis in original.) With that in mind, "individual interests may need to be compromised in

2. *Browne v. Northeastern Fire Insurance Co.,* No. 2132 C.D.1982.

order to avoid greater harm to the broader spectrum of policyholders and the public". *Id.* This court held that the Commonwealth defendants' general duty under the statute did not create a specific duty owed by the Commonwealth defendants to the Vickodils while the Commonwealth defendants were acting pursuant to the statute.

The present action was brought by Lexington to recover the amounts it had to pay to the Vickodils. It is alleged that the Commonwealth defendants failed to settle this action for an amount which would not have included contribution from Lexington.[3] The Commonwealth defendants argue that our holding in *Vickodil* entitles the Commonwealth defendants to judgment on the pleadings in this case. Lexington, on the other hand, contends that our holding in *Vickodil* was wrong or, alternatively, that we are precluded by the procedural history of this case from granting the motion for judgment on the pleadings.

The first argument raised by Lexington does not require a lengthy discussion. All of the issues raised by Lexington were addressed by this court in *Vickodil.* Lexington ·has failed to convince us that our reasoning in *Vickodil* was wrong. Accordingly, since we reject the argument that we are precluded from doing so, we will rely on *Vickodil* in resolving the present action.

■ In this case, the Commonwealth defendants filed a rule to show cause why the complaint should not be dismissed (Rule) and the matter proceed as a proof of claim in the liquidation proceeding (*Browne*). This court, acting through President Judge Crumlish, dismissed the Rule stating that "the complaint presents separate and distinct issues from those presented in the ongoing litigation proceeding in *Browne v. Northeastern Fire Insurance Co.*". Lexington argues that President Judge Crumlish's order precludes us from applying *Vickodil* in this action. Specifical-

---

3. In light of the United States Supreme Court's holding in *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), Lexington has withdrawn its claims against the Commonwealth defendants which are based upon 42 U.S.C. § 1983.

ly, because we are sitting as a trial court, Lexington contends that applying *Vickodil* would be tantamount to overruling President Judge Crumlish's order denying the Rule. Lexington argues that we are prohibited from overruling President Judge Crumlish's order by our decision in *Farber v. Engle*, 106 Pa.Commonwealth Ct. 173, 525 A.2d 864 (1987), where we stated the general rule that it is improper for a trial judge to overrule the interlocutory order of another trial judge of the same court involving the same issue.

Lexington's contention is without merit. The argument made by Lexington makes no sense unless *"Vickodil v. Commonwealth of Pennsylvania Insurance Department"* is inserted in place of *"Browne v. Northeastern Fire Insurance Co."* in President Judge Crumlish's order denying the Rule. Although the pendency of *Vickodil* is mentioned within the Rule, the basis of the Rule was the pendency of the liquidation proceeding and not *Vickodil*. Lexington's argument goes against the plain language of the order denying the Rule. President Judge Crumlish's order makes no determination about the similarity or differences between the issues in *Vickodil* and this case. Accordingly, the order denying the Rule, on its face, has no impact upon our determination of the applicability of *Vickodil* to this case.

██ Based on our holding in *Vickodil* that the duty owed by the Commonwealth defendants is general rather than specific, we hold in this case that the Commonwealth defendants owed Lexington no duty actionable in tort or contract while acting pursuant to the statutory directives. The Commonwealth defendants' motion for judgment on the pleadings is granted and the action against them is dismissed in its entirety.

Our resolution of the foregoing requires a transfer of the remainder of the action against Scor to a Court of Common Pleas within the Commonwealth. Scor requests that the action be transferred to the Court of Common Pleas of Allegheny County since venue is proper in that county.

Having reviewed Lexington's complaint in this case, it is apparent that Lexington's cause of action arose out of transactions which occurred in Allegheny County and venue would be proper there. We will therefore transfer the action against Scor to the Court of Common Pleas of Allegheny County.

## ORDER

NOW, November 1, 1989, the motion for judgment on the pleadings filed by the Commonwealth of Pennsylvania Insurance Department, James S. Lewis, Kramer Consultants, Inc., Paul Sweeney, Hugh O'Brien and Paul Tyahla is granted in its entirety.

The action against Scor Reinsurance Company is transferred to the Court of Common Pleas of Allegheny County.