617 A.2d 818

Joseph V. RESTIFO, Appellant,

v.

CITY OF PHILADELPHIA and James & Gwendolyn
Dupree, h/w and Anne S. Rosenthal, Executrix
of the Estate of Sara Wischnef, Appellees.

Commonwealth Court of Pennsylvania.

Argued June 16, 1992.

Decided Aug. 5, 1992.

Publication Ordered Nov. 25, 1992.

Joseph V. Restifo, pro se.

Alan C. Ostrow for appellees.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Joseph Restifo appeals a common pleas court order granting summary judgment in favor of the defendant City of Philadelphia. We reverse.

Restifo filed a complaint on November 14, 1986 against the city for injuries he suffered in a fall which, according to the complaint, occurred on October 16, 1984 at 6619–6621 Ardleigh Street in the city. The complaint named only the city as a defendant, alleging:

> The defective condition of the sidewalk was caused by the defendant's failure to maintain and repair the sidewalk adequately and also its failure to inspect the sidewalk and require proper maintenance and repair of it.

> The defective condition had existed long enough that the defendant was aware of it or should have been aware of it.

(Complaint, paras. 2 and 3).

The city then joined as additional defendants the owners of the two houses adjacent to the sidewalk. Subsequently, the city submitted a motion for summary judgment, which the

common pleas court granted. Restifo now appeals that decision.

In its motion, the city cited Section 8542(b)(7) of the Judicial Code, 42 Pa.C.S.A. § 8542(b)(7), which in part provides:

> *When a local agency is liable* for damages under this paragraph *by reason of its power and authority to require installation and repair of sidewalks* under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other persons shall be primarily liable. (emphasis added).

The trial court concluded that Restifo, by his failure to bring suit against the primarily liable landowners, had effectively discharged them and, by doing so, could not recover from the secondarily liable city.

Restifo challenges this conclusion as erroneous and asserts that because he did not *release* the property owners, he still has a claim against the city. Restifo maintains that, because the city, as the secondarily liable party, has a right of indemnity from the primarily liable property owners, the city is not prejudiced by Restifo's failure to sue those owners. Thus, Restifo argues, he can choose to sue only the city and the trial court should not have granted the city's motion.

In Pennsylvania, a property owner has the primary duty of keeping the sidewalk in front of his property in repair, and the city's liability to see that the sidewalk is left in repair is secondary. *Psichos v. Sauvion,* 103 Pa.Commonwealth Ct. 517, 520 A.2d 945 (1987). "The difference between primary and secondary liability is not based on a difference in degrees of negligence.... It depends on a difference in *character* or *kind* of the wrongs which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured persons." *Builders Supply Company v. McCabe,* 366 Pa. 322, 326, 77 A.2d 368, 370 (1951) (emphasis in original).

> [S]econdary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or

because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible.

*Id.* at 328, 77 A.2d at 371.

Justice Stern also stated in *Builders Supply* at 326, 77 A.2d at 370, that

[s]econdary liability exists, for example, where there is a relation of employer and employee, or principal and agent; if a tort is committed by the employee or the agent recovery may be had against the employer or the principal on the theory of respondeat superior, but the person primarily liable is the employee or the agent who committed the tort, and the employer or principal may recover indemnity from him for the damages which he has been obliged to pay.

Significantly, Justice Stern next posits an example which fits squarely within the facts of this case.

Another example, and perhaps the most familiar example, is when a pedestrian is injured by falling in a hole in the pavement of a street; in such a case the abutting property owner is primarily liable because of his failure to maintain the pavement in proper condition, but the municipality is secondarily liable because of its having neglected to perform its duty of policing the streets and seeing to it that the property owners keep them in repair; *if therefore the injured person chooses* to bring suit against the municipality the latter can recover indemnity from the property owner for the damages which it has been called upon to pay. (emphasis added).

In explaining the right of indemnity between parties primarily and secondarily liable, our Supreme Court in *Sirianni v. Nugent Brothers, Inc.*, 509 Pa. 564, 570–571, 506 A.2d 868, 811 (1986), stated that indemnity "is not a fault sharing mechanism. . . . it is a fault shifting mechanism, operable only when a defendant who has been held liable to a plaintiff solely by operation of law seeks to recover his loss from a defendant who was actually responsible for the accident which occasioned the loss."

As the cases make clear, the city's secondary liability in cases such as this, giving it the right to be indemnified by the abutting property owners, arose in the past by operation of the common law. The nature of the city's liability is now codified in the statutory exception to government in the Judicial Code at 42 Pa.C.S. § 8542(b)(7), quoted above.

■ There is no requirement that a plaintiff sue the primarily liable tortfeasor as a prerequisite to recovery against a secondarily liable person. As Justice Stern pointed out in *Builders Supply,* a plaintiff may sue an employer for injuries caused by an employee, just as a pedestrian "may choose to bring suit against a municipality." The secondarily liable defendant has always a right of indemnity against the ones primarily liable.

■ Certainly it is accurate to say, as did the common pleas court, that by failing to sue the property owners, Restifo "extinguished" his claim against them—at least as a practical matter, since the statute of limitations is now a bar to suit by Restifo against them. And it is also fair to say that, in order to establish the city's liability, it will be necessary to prove that a defective sidewalk condition existed, in which case the city is entitled to indemnity from the property owners. However, it does not follow that the "extinguishment," "discharge" or "release" of the property owners by allowing the statute to run thereby released the city because it is only secondarily liable.[1]

Accordingly, the order of the common pleas court granting the city's summary judgment motion is reversed.

## ORDER

AND NOW, this 5th day of August, 1992, the Order of the Philadelphia County Common Pleas Court, at No. 1495, October Term 1986, Trial Division, dated September 6, 1991 and

1. Of course, a release and satisfaction of a claim against the property owners would release any claim Restifo has against the city, just as a release and satisfaction of a claim against an employee would release the employer.

entered September 17, 1991, is hereby reversed and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.