624 A.2d 780

Joyce HOUGH, Individually and as Parent and Natural Guardian of Bradley Hough, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, and City of Philadelphia and Fairmount Park Commission, Appellees.

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1992.

Decided April 21, 1993.

Paul C. Quinn, for appellant.

Alan C. Ostrow, Asst. City Solicitor, for appellees.

Before DOYLE and KELLEY, JJ., and LORD, Senior Judge.

KELLEY, Judge.

Joyce Hough (Hough), individually and as parent and natural guardian of Bradley Hough, appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which granted the motion for summary judgment of the City of Philadelphia (City). We affirm.

Bradley Hough, then aged 10, suffered severe injuries when he was hit by a vehicle while attempting to cross Kelly Drive in Fairmount Park, Philadelphia, on April 18, 1986. Kelly Drive is a state highway which bisects Fairmount Park. At various points along Kelly Drive, stone stairways lead from the park directly onto the roadway. No traffic signals or crosswalks regulate pedestrian crossing, and no signs are posted on or near the stairways warning of the danger of attempting to cross Kelly Drive. Hough filed the present action alleging negligence against the City, the Fairmount Park Commission[1] and the Commonwealth of Pennsylvania, Department of Transportation (DOT).

On November 9, 1990, the City filed a motion for summary judgment, asserting that Kelly Drive is a state highway, and that the City had no duty to regulate vehicular and pedestrian traffic. Accordingly, the City contended that it was immune from suit pursuant to the governmental immunity provisions of the Judicial Code (Code), 42 Pa.C.S. §§ 8541–8542. This motion was denied on December 30, 1990 by Judge Samuel J. Lehrer. The City did not request reconsideration of Judge Lehrer's order nor did it seek permission to appeal.

On November 6, 1991, however, the City filed a second motion for summary judgment in the trial court. This motion was granted by Judge Russell M. Nigro on December 17,

1. Hough originally named the Fairmount Park Commission as a separate party defendant. The Fairmount Park Commission, however, is a department of the City and does not exist as a separate corporate, municipal or legal entity subject to suit. *Ankenbrand v. Philadelphia,* 52 Pa.Superior Ct. 581, 585–91 (1913); Section 11 of the Act of April 21, 1855, P.L. 264, *as amended,* 53 P.S. § 16257.

1991, which order is now the subject of this appeal.[2]

Hough argues that Judge Nigro erred in overruling an interlocutory order of another judge of the same court and further contends that she has stated a cause of action which falls into one or more of the exceptions to governmental immunity as provided by the Code, 42 Pa.C.S. § 8542(b). We shall first address Hough's procedural argument.

■ It is well settled that, absent some new evidence, a trial judge may not overrule the interlocutory decision of another trial judge of the same court involving the same issue. *See Farber v. Engle*, 106 Pa.Commonwealth Ct. 173, 177, 525 A.2d 864, 866 (1987); *Reifinger v. Holiday Inns, Inc.*, 315 Pa.Superior Ct. 147, 151, 461 A.2d 839, 842 (1983). In *Reifinger*, our Superior Court expressly held that it is improper for a second judge to reverse a prior order of another judge of the same court denying summary judgment where the grounds relied on and the evidence is identical, and where the first judge is available to hear a motion for reconsideration of his ruling. *Id.* at 151–53, 461 A.2d at 842–43.

Despite the above rule, the City argues, in the present case, that governmental immunity is an absolute defense not subject to procedural devices such as the inability of a later judge to rule on an issue ruled upon by a previous judge. We agree.

■ In *Tulewicz v. Southeastern Pennsylvania Transportation Authority*, 529 Pa. 588, 593, 606 A.2d 427, 429 (1992), our Supreme Court reiterated its holding in *In re Upset Sale*, 522 Pa. 230, 232, 560 A.2d 1388, 1389 (1989), that the defense of governmental immunity is a nonwaivable absolute defense which is not subject to any procedural device that could render a governmental agency liable beyond the exceptions granted by the legislature. Therefore, since the defense is absolute and not waivable, a governmental agency may raise it at any time to prevent unnecessary litigation against that agency. This includes raising the issue in a second motion for summary judgment before another trial judge after a previous

2. Subsequently, DOT also filed a motion for summary judgment, which was denied by the trial court.

motion for summary judgment based on the same issue of governmental immunity had been denied. Accordingly, Judge Nigro did not err in overruling the interlocutory order of Judge Lehrer denying the City's first motion for summary judgment.

Hough also argues on appeal that she has stated a cause of action against the City which falls into one or more of the exceptions to governmental immunity as provided by the Code, 42 Pa.C.S. § 8542(b). We disagree.

Summary judgment may be properly granted where the moving party has established that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *McNeal v. City of Easton,* 143 Pa.Commonwealth Ct. 151, 154–55, 598 A.2d 638, 639–40 (1991). In considering a movant's motion for summary judgment, the court must view the record in the light most favorable to the non-movant. *Id.* On appeal of the entry of summary judgment, the appellate court may reverse the trial court where an error of law has been committed or there is an abuse of discretion. *Id.*

█ The trial court correctly pointed out that in order to bring a cause of action in negligence against the City, Hough must show that the City had a duty or obligation, recognized at law, to conform to a standard of conduct. *Farber,* 106 Pa.Commonwealth Ct. at 178, 525 A.2d at 867. In this action against the City, Hough must show that she possesses a common law or statutory cause of action under the Code, 42 Pa.C.S. § 8542(a). However, under the provisions of the Code, the City is immune from liability for its negligent acts unless Hough can prove that such acts fall within one of the eight enumerated exceptions outlined in 42 Pa.C.S. § 8542(b).

Hough argues that under the real property exception, which imposes liability upon local agencies for their negligence in the care, custody and control of real property in the possession of the local agency,[3] the City is liable because it negligently allowed a dangerous condition consisting of stairways leading

---

**3.** 42 Pa.C.S. § 8542(b)(3).

from Fairmount Park to Kelly Drive to exist on its property. Hough contends that these stairways constituted a dangerous condition of City-owned land because persons utilizing the facilities of Fairmount Park must cross Kelly Drive without the aid of pedestrian crossings or signals.

■ However, it is clear that Bradley Hough's injuries were not caused by a defect *of* the real estate. It has been held by this court and our Supreme Court that the artificial or defect of the land itself must directly cause an injury to occur; the intervening acts of others serve to render the real property exception to sovereign immunity inapplicable. *See Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989); *Downing v. Philadelphia Housing Authority,* 148 Pa.Commonwealth Ct. 225, 610 A.2d 535 (1992); *Wellons v. SEPTA,* 141 Pa.Commonwealth Ct. 622, 596 A.2d 1169 (1991), *petition for allowance of appeal denied,* 529 Pa. 643, 600 A.2d 1260 (1991).[4] In addition, the real estate exception to governmental immunity is to be narrowly construed against the injured plaintiff given the expressed legislative intent to insulate political subdivisions from tort liability. *Benson v. City of Philadelphia,* 146 Pa.Commonwealth Ct. 388, 391, 606 A.2d 550, 552 (1992).

■ In the present case, it is clear that the stairway itself, that Bradley Hough descended on the day of his injuries, did not cause him to be injured. Bradley Hough received his injuries by being struck by a vehicle on a state highway. Therefore, the City cannot be held liable to Hough based on the real estate exception to governmental immunity.

■ Next, Hough argues that it has stated a cause of action against the City because the City's discretionary duty to erect traffic control devices cannot shield it from liability when the City itself is exposing its citizens to danger. Hough contends that the City has a statutory duty under sections 201 and 203

4. Although this case deals with a city instead of a Commonwealth agency, this court and the Supreme Court have affirmed the similarities of the governmental sovereign immunity sections that pertain to real property. *Snyder,* 522 Pa. at 435 n. 7, 562 A.2d at 312 n. 7; *Donaldson v. Department of Transportation,* 141 Pa.Commonwealth Ct. 474, 494, 596 A.2d 269, 279 (1991).

of the State Highway Act,[5] 36 P.S. § 1758–201 and § 1758–203, to erect traffic controls on state highways.[6]

This court has consistently held that there is no common law duty on the part of a city to erect traffic controls and that the duty on behalf of a city to erect traffic controls under the State Highway Act is discretionary, not mandatory; therefore, the City in this case is immune from suit under section 8541 of the Code for its failure to erect traffic controls on the portions of Kelly Drive that bisect Fairmount Park. *See Bendas v. Township of White Deer,* 131 Pa.Commonwealth Ct. 138, 569 A.2d 1000, *petition for allowance of appeal denied,* 526 Pa. 639, 584 A.2d 321 (1990); *Jackson v. Southeastern Pennsylvania Transportation Authority,* 129 Pa.Commonwealth Ct. 596, 566 A.2d 638 (1989); *Bryson v. Solomon,* 97 Pa.Commonwealth Ct. 530, 510 A.2d 377 (1986), *petition for allowance of appeal denied,* 519 Pa. 668, 548 A.2d 257 (1988).

Accordingly, the trial court did not err, as a matter of law, nor abuse its discretion in granting the City's motion for summary judgment. Therefore, the December 17, 1991 order of the trial court is affirmed.

## ORDER

NOW, this 21st day of April, 1993, the order of the Court of Common Pleas of Philadelphia County, dated December 17, 1991, at September Term, 1987, No. 3506, is affirmed.

5. Act of September 18, 1961, P.L. 1389, *as amended.*

6. Section 201 provides, in part, as follows:

The following public streets or sections thereof, including bridges thereon, in cities of the first class are adopted by the Commonwealth as State highways to be taken over upon the terms and conditions and subject to the limitations hereinafter contained in Article II, and shall thereafter be maintained, constructed, reconstructed and resurfaced in the same manner, with like power and authority as provided by the laws of the Commonwealth applicable to State highways, upon the terms and conditions and subject to the limitations as hereinafter provided in Article II.

Section 203 provides, in part, as follows:

This Act is not intended and shall not be construed:

(1) To place upon the Commonwealth any duty to regulate traffic or police the streets herein taken over by the Commonwealth but such duty shall be and remain the obligation of the cities.