632 A.2d 1006

**Julie LYONS, Appellant,**

v.

**CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued May 11, 1993.

Decided Oct. 14, 1993.

Lori N. Pallas, for appellant.

Alan C. Ostrow, Asst. City Sol., for appellee.

Before PALLADINO, FRIEDMAN and KELLEY, JJ.

FRIEDMAN, Judge.

Julie Lyons appeals from an order of the Court of Common Pleas of Philadelphia County granting summary judgment in favor of the City of Philadelphia (City) and dismissing Lyon's complaint against the City.

In January 1988, Lyons filed a complaint against the City alleging that on October 14, 1985, while alighting from a bus onto the sidewalk abutting Bustleton Avenue, she sustained injuries when she tripped and fell due to a large hole at the location's designated bus stop. (¶¶ 6, 9, 10, 11.) Lyons' complaint alleged further that Bustleton Avenue was a City street which was the City's responsibility to maintain in a safe condition for public travel, and that the City was negligent both in permitting the existence of the hole and in failing to provide notice of this dangerous condition. (¶¶ 4, 5, 8, 13, 14.) The City filed an answer with new matter.

In its answer, the City denied all but one of Lyons' allegations [1] on the basis that after reasonable investigation, the City was without knowledge or information sufficient to form a belief as to the truth of the averments made, and, additionally, on grounds that they were conclusions of law requiring no responsive pleading under the Pennsylvania Rules of Civil Procedure. In its new matter, the City pleaded the affirmative defenses of comparative negligence, (¶ 16), assumption of the risk, (¶ 17), contributory negligence, (¶ 18), and governmental immunity, (¶ 19), under the provisions of what is commonly called the Political Subdivision Tort Claims Act (Act), §§ 8541 and 8542(b)(3) of the Judicial Code.[2] The City also generally denied ownership or control of Bustleton Avenue, claiming that the situs was owned or controlled by the

---

1. The City denied paragraphs 1 and 3–15 of Lyons' complaint, admitting only to the allegation set forth in paragraph 2, which stated: "Defendant, CITY OF PHILADELPHIA, is a municipal corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with offices located at One Reading Center, 1101 Market Street, Philadelphia, PA 19107."

2. 42 Pa.C.S. §§ 8541–8542.

abutting property owner or tenant, who was primarily liable for its maintenance. (¶ 20.) Lyons replied, denying the new matter and reasserting her claim for damages against the City.

In July 1991, the City moved for summary judgment. In its motion, the City, for the first time, identified Bustleton Avenue as a state highway and argued that because the accident did not occur on a sidewalk within the City's right-of-way, but on property owned by the Commonwealth of Pennsylvania, the City could not be liable under any of the Act's exceptions to governmental immunity.[3]

In opposition to the City's motion for summary judgment, Lyons denied that immunity was an issue, reasoning that where the City had previously "admitted" ownership of Bustleton Avenue, the City was precluded from belatedly denying such ownership.[4] The City's motion for summary judgment was denied without opinion.

On February 26, 1992, the City filed a second motion for summary judgment, this time asserting that statutorily mandated governmental immunity was a non-waivable absolute defense which could be raised at any time and, therefore, despite Lyons' assertion to the contrary, the City remained immune from liability. Alternatively, the City argued that

3. The sidewalk exception to governmental immunity requires that the sidewalk be "within the rights-of-way of streets owned by the local agency...." 42 Pa.C.S. § 8542(b)(7).

4. Lyons argued that the City had answered the complaint with respect to the ownership of Bustleton Avenue in accordance with Pa.R.C.P. No. 1029(c), a rule permitting the City to deny allegations of ownership by averring that after reasonable investigation, it was without sufficient knowledge or information to form a belief as to the truth of averments in the complaint. However, when it is clear that a pleader must know whether a particular allegation is true or false, Pa.R.C.P. No. 1029(c) will not excuse the party's failure to admit or deny an averment. Therefore, Lyons maintains that because the City was or should have been in a position to specifically deny ownership, the City's general denial actually constituted an admission to ownership. Moreover, Lyons claims that in ¶ 20 of the City's new matter, the City alleged that the abutting property owner was primarily liable, thereby admitting that the City was secondarily liable. In light of the foregoing admissions, Lyons contends that the City has waived its right to assert an immunity defense.

even if the City were found to have waived immunity, its liability was only secondary; thus, Lyons' failure to sue the primarily responsible party, i.e., the roadway's abutting property owner(s), barred recovery against the secondarily liable City.

Lyons answered this second motion for summary judgment by contending that waiver of the immunity issue was not a question here. Lyons reasoned that, unlike cases where the governmental body had failed to raise immunity and so was permitted to raise the issue for the first time on appeal, the City had already adequately raised the defense of governmental immunity in both its new matter and its original motion for summary judgment, where the court addressed and denied the City's immunity claim. Lyons also repeated her assertion that because of its previous admissions, the City waived the right to deny ownership of Bustleton Avenue.

A different judge of the same court which had denied the first motion for summary judgment granted the City's second motion and dismissed Lyons' complaint with prejudice. Accompanying the order was a handwritten statement, which read: "City mistakenly admitted it "owned" Bustleton Avenue. Thus, City cannot now seek to retract admission and then assert immunity. However, City is only secondarily liable. Since the abutting property owners were not joined, summary judgment is granted City." (R.R. at 34a.)[5] Lyons appeals.

5. The order granting summary judgment was issued on April 1, 1992. On June 12, 1992, the court issued an opinion in the case which appears to differ somewhat in reasoning, albeit not in result, from its April order. Despite language in the order stating that the City could no longer assert immunity, the opinion contained the following paragraph.

In the instant case, the sidewalk where the accident occurred was not within the rights-of-way of streets owned by the City of Philadelphia rather the accident occurred within the "rights-of-way" of a state highway. *Since the sidewalk was not within the right of way owned by the City of Philadelphia, the City is immune from liability. See 42 Pa.C.S.A. § 8541 (Political Subdivision Tort Claims Act).* The abutting property owners, however, are indispensable and necessary parties since their property rights are connected with plaintiff's claim as a result of the City's immunity defense. Both of these property

On appeal,[6] Lyons argues that the court erred by overruling a prior judge's denial of summary judgment in the same case. Further, Lyons contends that as an injured pedestrian, she was not required to sue the abutting property owner for a dangerous condition of a sidewalk in order to maintain a negligence action against the City.

■ Addressing the last argument first, we agree with Lyons that she was not required to sue a primarily liable property owner as a prerequisite to recovery against the secondarily liable City. Here, we recognize that Lyons' claim against the primarily liable party(ies) was extinguished when Lyons failed to institute action against those parties within the prescribed two-year statutory period. However, we disagree with the City's contention that because the property owner could no longer be liable to Lyons, any secondary claim Lyons had against the City also was effectively precluded.

This precise issue was decided in *Restifo v. City of Philadelphia*, 151 Pa.Commonwealth Ct. 27, 617 A.2d 818 (1992). In *Restifo*, a pedestrian who was injured when he fell on a sidewalk brought suit against the city but failed to sue the primarily liable owners of property adjacent to the sidewalk. We specifically held that the "extinguishment" of plaintiff's claim against the property owners when the statute of limitations ran did not thereby release the city because it was only secondarily liable.

■ However, *Restifo* cannot benefit Lyons here because in this case, the City was neither primarily nor secondarily

> owners are indispensable and necessary parties who had a duty to maintain the sidewalk.
> Trial Court Opinion at 2–3. (Emphasis added.)

6. "Summary judgment may be properly granted where the moving party has established that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *McNeal v. City of Easton*, 143 Pa.Commonwealth Ct. 151, 154, 598 A.2d 638, 639 (1991). "In considering a movant's motion for summary judgment, the court must view the record in the light most favorable to the non-movant." *Id.* "On appeal of the entry of summary judgment, the appellate court may reverse the trial court where an error of law has been committed, or there is an abuse of discretion." *Id.* at 155, 598 A.2d at 640.

liable for Lyons' injuries. Simply stated, because the City did not own Bustleton Avenue, the City is immune from liability. *Bruce v. Gadson,* 127 Pa.Commonwealth Ct. 159, 561 A.2d 74 (1989). The Legislature designated Bustleton Avenue as a state highway, LR 67322, pursuant to section 202 of the State Highway Act of 1961, Act of September 18, 1961, P.L. 1389, *as amended,* 36 P.S. § 1758–202. Because the legal status of a road as a state highway is a matter of state law, and not a fact to be admitted or denied, we disagree with Lyons' claim that the City has waived the right to deny ownership of the highway by failing to specifically deny that allegation in its answer to Lyons' complaint; indeed, the City properly asserted that this allegation was a conclusion of law; thus, requiring no answer. *See Jackson v. Southeastern Pennsylvania Transportation Authority,* 129 Pa.Commonwealth Ct. 596, 566 A.2d 638 (1989), *appeal denied,* 527 Pa. 656, 593 A.2d 426 (1990) (Court properly took judicial notice of the State Highway Act of 1961 because as a public statute, such a law need not be pleaded or proved); *Runski v. AFSCME, Local 2500,* 142 Pa.Commonwealth Ct. 662, 598 A.2d 347 (1991) (In ruling on preliminary objections in the nature of a demurrer, all well-pleaded facts in the complaint must be accepted as true; however, legal conclusions are not deemed admitted).

As to Lyons' other argument, we acknowledge the principle that absent some new evidence, it is improper for a trial judge to overrule an interlocutory order of another judge in the same court in the same case. *Farber v. Engle,* 106 Pa.Commonwealth Ct. 173, 525 A.2d 864 (1987). This rule is based on the policy of fostering finality of pre-trial applications so that judicial economy and efficiency can be maintained. *Okkerse v. Howe,* 521 Pa. 509, 556 A.2d 827 (1986). However, it is in consideration of this purpose, that we recognize the propriety of our affirmation here, based on the rationale expressed in *Salerno v. Philadelphia Newspapers, Inc.,* 377 Pa.Superior Ct. 83, 546 A.2d 1168 (1988), where the court stated:

Moreover, where, as here, dismissal of the entire complaint on motion for summary judgment is appropriate, preclusion

of consideration of the summary judgment motion by application of the rule stated, would have further burdened the parties and the court by requiring them to undergo the time and expense of an unnecessary trial, and thereby thwart the very purpose the rule was intended to serve, i.e. that judicial economy and efficiency be maintained.

*Id.* at 88, 546 A.2d at 1170.[7] Here, the legal status of Bustleton Avenue as a state highway mandates the grant of summary judgment to the City; therefore, because a reversal here would only delay the inevitable result and unnecessarily tax City resources, we approve the trial court's dismissal of the complaint.

▮ Moreover, the defense of governmental immunity is an absolute unwaivable defense, not subject to any procedural device that could render a governmental agency liable beyond the exceptions granted by the legislature. *In re Upset Sale of Properties (Skibo)*, 522 Pa. 230, 560 A.2d 1388 (1989). Therefore, a governmental agency may raise it at any time to prevent unnecessary litigation against that agency, including raising the issue in a second motion for summary judgment before another trial judge after a previous motion for summary judgment based on the same issue of governmental immunity has been denied. *Hough v. Department of Transportation*, 155 Pa.Commonwealth Ct. 162, 624 A.2d 780 (1993).[8]

7. In addition to relying on *Salerno*, the trial court determined that it could properly entertain the City's second motion for summary judgment because, in addition to the immunity argument, the second motion also contained the argument that Lyons' failure to join the abutting property owners precluded the imposition of liability upon the City. Further, the court concluded that it was not bound by the prior denial of summary judgment because no reasons or opinion accompanied that decision. However, because our reasons for affirming the trial court's decision to grant summary judgment differ from the trial court's reasons for granting summary judgment, we prefer to rely on the rationale expressed in *Salerno*.

8. Although we cite *Hough,* we do so with reservations. We agree that the defense of governmental immunity is not waivable and cannot be defeated by any *procedural device* that would render a governmental agency liable *beyond the exceptions granted by the legislature. Upset Sale.* That is precisely what would happen here where the City, despite any procedurally created "admissions" to the contrary, does not own

Although Lyons claims that what the City actually waived was not its right to claim immunity but its ability to disclaim highway ownership, we cannot accept this distinction. There is no legal consequence to the City's failure to specifically deny an allegation which is a statement of law, nor can the City waive its legislatively guaranteed immunity. For these reasons, summary judgment is appropriate here.

Accordingly, although our reasons differ, we affirm the trial court's grant of summary judgment.

Bustleton Avenue and so cannot come within any exception to immunity.

However, the situation in *Hough* was different. In that case, a child was injured when he descended a stairway leading from a city owned park directly onto a state owned roadway. The parents of the injured child filed suit against the city, alleging that these stairways constituted a dangerous condition of city-owned land because persons using them were forced to cross the roadway without the benefit of pedestrian crossings or signals. The city filed a motion for summary judgment contending that it was immune from suit and this motion was denied. However, when the city filed a second motion for summary judgment, a different trial judge granted the motion. Citing *Upset Sale*, we held that the second judge did not err in overruling the prior denial of summary judgment, reasoning that immunity was an absolute defense not subject to procedural devices such as the inability of a later judge to rule on an issue ruled upon by a previous judge. Recognizing that this statement was overbroad, we now retreat from that position.

In *Hough*, we never discussed the basis for the original denial or, indeed, if any explanation for the denial was offered at all, and it is for this reason that we must now restrict the holding in that case. If, as here, the original denial was unaccompanied by an opinion, or if, as was implied here, grounds for denial were procedural, the reasoning in *Hough* would be correct If, however, the original denial in *Hough* was based on the judge's determination that the city may fall within an exception to governmental immunity, that denial certainly could not act to impose liability beyond the legislatively mandated exceptions; consequently, application of the rule preventing a second judge from overruling the denial would not contravene the holding in *Upset Sale*. Therefore, we question *Hough* to the extent that it would permit a governmental entity to reassert the same basis for immunity in a second motion for summary judgment even when the first judge denied an identical motion based on a consideration of the merits of the case and a determination that the governmental entity may fall within one of the exceptions to immunity. Because such a decision would not interfere with the guaranteed availability of the immunity defense, it should not be subject to overrule by a judge of the same court.

## ORDER

AND NOW, this 14th day of October, 1993, the order of the Court of Common Pleas of Philadelphia County, dated April 1, 1992, is affirmed based on the reasons expressed in this opinion.

KELLEY, J., concurs in result only.