**Albertson v. Bristol Township**

C.P. of Bucks County, no. 89-3597-13-2.

*Marshall L. Grabois,* for plaintiff.

*E. Chandler Hosmer III,* for defendant Bristol Township.

*Martin J. King,* for defendant County of Bucks.

BIEHN, *J.,* December 19, 1994—On September 13, 1994, this court denied motions for summary judgment filed by defendants Bristol Township and the County of Bucks. Following a settlement conference, just prior to going to trial, the parties agreed that defendants should file motions for reconsideration on the summary judgment issues. By order attached to this opinion, we now grant defendants' motions for reconsideration and enter summary judgment in favor of defendants Bristol Township and the County of Bucks on the issue of immunity.

The factual background of this case is as follows. Both defendants are political subdivisions duly authorized by and existing under the laws of the Commonwealth of Pennsylvania. Plaintiff is an individual who on May 9, 1987 was riding a dirt bike in Bloomsdale Fleetwing Park (a/k/a Humphries Park Bloomsdale) located in Bristol Township, Bucks County. On the above date, plaintiff's bike struck a metal I-beam lying in the grass. Plaintiff was thrown from the bike and injured.

Both defendants claim immunity under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq. Plaintiff argues that the real property exception of the act applies and therefore, defendants are not immune.[1]

The relevant portions of the Act read as follows:

*"Section 8541. Governmental immunity generally*

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on

---

1. As we have found defendants immune to suit, it is not necessary for us to address the other arguments raised in defendants' motions for reconsideration.

account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. §8541.

*"Section 8542. Exceptions to governmental immunity*

*"(a) Liability imposed.*—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

"(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

"(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

*"(b) Acts which may impose liability.*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: ...

"(3) Real property.—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, 'real property' shall not include:

"(i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;

"(ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;

"(iii) streets; or

"(iv) sidewalks." 42 Pa.C.S. §8542.

"Summary judgment can be sustained only if the pleadings, depositions, interrogatories, and other discovery materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. For the purpose of testing the legal sufficiency of the complaint, a motion for summary judgment in the nature of a demurrer admits as true all well-pleaded material, relevant facts. If the facts state a claim for which relief may be granted under any theory of law, then a demurrer must be denied. ... It is under the above standard of review that we analyze the facts of this case." *Diaz v. Houck,* 159 Pa. Commw. 274, 278-79, 632 A.2d 1081, 1083 (1993). (citation omitted)

In the instant case, the parties agree that the origin and ownership of the I-beam are unknown. Plaintiff argues that defendants exercised care, custody and control over the park and allowed the grass to grow high enough to conceal the metal I-beam. Consequently, plaintiff contends that the real property exception of section 8542(b)(3) applies and defendants should be held liable.

However, the real property exception is to be narrowly construed. It was the intent of the legislature to insulate political subdivisions from tort liability. Liability will only attach when an "... artificial condition or defect of the land *itself* causes the injury, not merely when

it facilitates the injury by acts of others." *Diaz v. Houck, supra* at 282, 632 A.2d at 1084. (emphasis in original)

In *Hough v. PennDOT,* 155 Pa. Commw. 162, 624 A.2d 780 (1993), a 10-year-old child suffered severe injuries when he attempted to cross a highway and was hit by a car after descending from a stairway leading from a park directly onto the highway. As to the defendant the City of Philadelphia, plaintiffs argued that the real property exception applied because the city allowed a dangerous condition consisting of stairways leading from the park to the highway to exist on its property. There were no pedestrian crossings or signals. The court disagreed and stated the following:

"However, it is clear that Bradley Hough's injuries were not caused by a defect *of* the real estate. It has been held by this court and our Supreme Court that the artificial or defect of the land itself must directly cause an injury to occur; the intervening acts of others serve to render the real property exception to sovereign immunity inapplicable. ... In addition, the real estate exception to governmental immunity is to be narrowly construed against the injured plaintiff given the expressed legislative intent to insulate political subdivisions from tort liability.

"In the present case, it is clear that the stairway itself, that Bradley Hough descended on the day of his injuries, did not cause him to be injured. Bradley Hough received his injuries by being struck by a vehicle on a state highway. Therefore, the city cannot be held liable to Hough based on the real estate exception to governmental immunity." *Hough v. PennDOT, supra* at 167, 624 A.2d at 783. (citations omitted) (footnote omitted) (emphasis in original)

So, too, we find in the instant case that the subject premises was not the cause of plaintiff's injuries. The

380

accident was not caused by an artificial condition or defect of the land itself. The accident was caused by the metal beam left in the park by an unknown third party. We also do not accept plaintiff's argument that the height of the grass was a defect or artificial condition. The naturally occurring condition of growing grass cannot be the basis for imposing liability under the real property exception given Pennsylvania courts' interpretation of that exception. The grass alone would not have caused plaintiff's injuries. Plaintiff's injuries were caused by a course of action set in motion by an unknown third party who left the metal beam in the grass.

Accordingly, we enter the following order.

## ORDER

And now, December 19, 1994, upon consideration of defendants' motions for reconsideration, it is hereby ordered and directed that the motions are granted. Summary judgment is entered in favor of defendants Bristol Township and the County of Bucks.