## Sturges v. Council Rock School District

C.P. of Bucks County, no. 93-10138-09-2.

*Ward P. Bacon,* for plaintiff.
*John M. Donahue,* for defendant.

RUFE, W., *J.,* April 18, 1995—Defendant, Council Rock School District, has filed a motion for summary judgment. We grant the motion for the following reasons.

Plaintiffs are a 13 year old boy and his parents. When the minor plaintiff was 11, he broke his leg at school. He was outside at recess playing a game called "Kill

the man with the ball." It had rained the three previous days, and the field was slippery. Minor plaintiff apparently slipped while running, collided with another student while falling, and broke his leg. Plaintiffs are now suing claiming that defendant was negligent with regard to the condition of the field.

Defendant school district is a political subdivision, and as such entitled to all the immunities and defenses provided in the Political Subdivision Tort Claims Act. Although plaintiffs do not specify in their complaint which exception they are proceeding under, their brief makes clear that they are relying on 42 Pa.C.S. §8542(b)(3), the real property exception. Plaintiffs allege in their complaint that the field was slippery and "in poor condition, with tufts of grass surrounded by areas of dirt." (Plaintiffs' complaint, paragraph six.) Plaintiffs argue that due to the condition of the ground, minor plaintiff was caused to slip and fall, and that his injuries were proximately caused by defendant's negligence, recklessness and carelessness in failing to maintain the field and failing to monitor its condition.

Defendant has moved for summary judgment on the basis that plaintiffs have failed to allege a defect in the land. We agree. Even viewing the facts in a light most favorable to plaintiffs, we do not believe their allegations bring them within the real estate exception. Pennsylvania courts have long held that the real estate exception to governmental immunity is to be narrowly construed against an injured plaintiff, given the express legislative intent to insulate political subdivisions from tort liability. *Hough v. PennDOT,* 155 Pa. Commw. 162, 624 A.2d 780 (1993). "The real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by

the acts of others." *Mascaro v. Youth Study Center,* 514 Pa. 351, 363, 523 A.2d 1118, 1124 (1987). (emphasis in original)

Plaintiffs here alleged that the grass was slippery. We believe slippery grass is a condition that naturally occurs on a field after rainfall, and so cannot be considered an artificial condition or a defect of the land. Plaintiffs also allege that the field had "spotty tufts of grass surrounded by areas of dirt." We do not believe there is anything inherently defective with a field in such a condition; indeed, many playground areas are this way because of repeated heavy use, but a worn field is neither an artificial condition nor a defect of the property. We therefore reject plaintiffs' contention that defendant should be held liable for maintaining a "defective" field.

Further, plaintiffs may not use the real estate exception for a claim of negligence for failure to supervise the conduct of minor plaintiff. Our courts have consistently held that this exception is unavailable to those plaintiffs who allege failure to supervise students adequately. *Mascaro, supra* at 363-64, 523 A.2d at 1124. Therefore, plaintiffs' suggestion that the defendant be held liable for the failure of its teachers to warn minor plaintiff of the "danger" of this slippery field or prevent minor plaintiff from using it is without merit.

Thus, having reviewed plaintiffs' complaint, and assuming for the purpose of this motion that all of plaintiffs' factual allegations are true, we grant defendant's motion for summary judgment on the basis that plaintiffs have failed to allege an artificial or defective condition of land which would fall within the real estate exception to governmental immunity.

## ORDER

And now, April 18, 1995, upon consideration of defendant's motion for summary judgment, the response thereto of plaintiffs, memoranda of counsel, and the record, it is hereby ordered and decreed that the motion is granted, and judgment is entered in favor of defendant and against plaintiffs.