**Thomas COSTELLO and Jan Costello and Adam Costello, By and Through his next friend and parent, Jan COSTELLO, Plaintiffs,**

v.

**PITTSBURGH ATHLETIC CO., a/k/a Pittsburgh Baseball Club, a/k/a Pittsburgh Pirates, and Zambelli Internationale Fireworks Manufacturing Co., Inc., and Spectacor Management, Inc., and Pittsburgh Stadium Authority and City of Pittsburgh, Defendants.**

Civ. A. No. 86–1318.

United States District Court,
W.D. Pennsylvania.

Feb. 5, 1987.

Lou A. D'Apolito, Youngstown, Ohio, Carmen Lamancusa, New Castle, Pa., for plaintiffs.

Robert Smith, Law Dept., Pittsburgh, Pa., for City of Pittsburgh.

Patricia Dodge, Pittsburgh, Pa., for remaining defendants.

OPINION

GERALD J. WEBER, District Judge.

On August 25, 1984, plaintiffs attended a Pittsburgh Pirates baseball game at Three Rivers Stadium. An eagerly awaited post-game fireworks display went awry when a rocket landed in the stands injuring several spectators. Plaintiffs have sued a number of potentially liable defendants on various theories. Defendant City of Pittsburgh has now filed a motion for summary judgment raising sovereign immunity as a bar.

■ In Pennsylvania, a municipality is immune from suit for its torts unless its conduct fits one of the enumerated exceptions. 42 Pa.C.S.A. § 8542. Here, plaintiffs contend that the claim against the City falls within the real property exception:

(b) The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

\*   \*   \*   \*   \*   \*

(3) Real Property. The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in possession of the local agency....

The fatal flaw in plaintiffs' argument is that they have not, and cannot, allege that the stadium was under the care, custody or possession of the City. Indeed, plaintiffs have alleged that defendant Pittsburgh Stadium Authority is the owner of the real property, and that the Authority, the baseball club and Spectacor Management, had custody and control of the stadium.

It is argued that the Authority was created and funded by the City and its Board appointed by the mayor, and that as a creature of the City its possession and control establishes the City's possession and control. However, the Pennsylvania Commonwealth Court has rejected that argument in *Lowman v. Indiana Area School District*, —— Pa.Commw. ——, 507 A.2d

1270 (1986). An infant spectator was injured during a baseball game by a wildly thrown ball. The borough and township were sued under the real property exception for absence of screens to protect spectators. However, because the borough and township had created a Park Commission and given it possession of the park and the responsibility for care and maintenance, the township and borough did not have possession or control and were therefore entitled to summary judgment.

The present case is identical. The City created the Stadium Authority and gave it title and possession of the real property and the obligation for care and maintenance. The City and Authority are separate entities and in accord with *Lowman*, we will not impute the Authority's control to the City.

■ Plaintiffs argue that the stadium was in fact under the City's custody and control because the City Fire Department inspected and approved the fireworks and permitted the display to go on. These averments amount to no more than a failure to properly inspect or supervise, and that will not satisfy the real property exception. *Davis v. Barnes*, 94 Pa.Commw. 145, 503 A.2d 93 (1986); *Messina v. Blairsville-Saltsburg School District*, 94 Pa. Commw. 100, 503 A.2d 89 (1986). To accept plaintiffs' theory of control would make the City potentially liable under the real property exception each time it conducted an inspection, even where as here the City did not own the property. We do not believe this was the intent or purpose of the Act.

For the reasons stated above, defendant City of Pittsburgh is entitled to summary judgment.