591 A.2d 341

**Thomas E. MYLETT and Barbara Mager Lacey, Individually and as Administrators of the Estate of Kevin Thomas Mylett, Deceased, Appellants,**

**v.**

**Timothy J. ADAMSKY, Doylestown Township and Commonwealth of Pennsylvania, Department of Transportation, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1990.

Decided May 10, 1991.

Linda K. Caracappa, Washington Crossing, for appellants.

James W. Daly, Philadelphia, for appellees.

Before COLINS and SMITH, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Thomas E. Mylett and Barbara Mager Lacey (Appellants), Individually and as Administrators of the Estate of Kevin Thomas Mylett, deceased, appeal an order of the Court of Common Pleas of Bucks County which granted summary judgment to Doylestown Township (Township), on the basis that the Township was immune from Appellants' suit under the doctrine of governmental immunity.

The facts are not in dispute. On July 26, 1987, at approximately 3:24 a.m., Kevin Thomas Mylett was fatally injured when the car in which he was riding struck a large tree that was lying across both lanes of Edison–Furlong Road. The tree had fallen there during a violent storm that

had swept through the area approximately three hours before the accident.

Shortly after the tree fell across the road, the Doylestown Police (Township police) were alerted to the fact. Because Edison–Furlong Road is designated as a Pennsylvania state highway, the Township police attempted to notify the Pennsylvania Department of Transportation (DOT) about the fallen tree, so that DOT could send a work crew to remove the tree from the roadway, but each of their attempts proved unsuccessful. In the meantime, two of the Township's policemen placed flares and cones across Edison–Furlong Road at its intersections with Woodcrest Lane and Pebble Hill Road in an attempt to re-route traffic around the fallen tree. On several occasions, however, these policemen were forced to leave their positions in order to respond to other calls in their jurisdiction.[1] Between investigating their other calls, though, the policemen continually returned to the above sites and replaced the flares.

At approximately 2:52 a.m., the Township police were contacted by a police officer from a neighboring township, who asked whether a DOT crew was still needed in their Township since the one working in his township had just finished removing fallen debris and was currently available. After responding affirmatively, the Township police transmitted the location of the downed tree. In anticipation that the downed tree would soon be removed, the two policemen on the scene began answering other calls that they had received earlier in the night but had not answered since they were considered to be of lesser priority than the downed tree.

Upon arriving at the location of the downed tree, the DOT crew discovered that, because of the size of the tree, they

1. One of the calls to which the policemen responded was a drunk driving accident that occurred at the same location as the accident in this case. It appears from the record that while the policemen were away from their positions responding to another call, a drunk driver ran into the fallen tree on Edison–Furlong Road. This accident occurred approximately one hour and twenty minutes before the fatality at issue here.

would need extra equipment to remove it and, consequently, left the scene to retrieve the required equipment. Before DOT could return to remove the fallen tree, however, Timothy Adamsky's car collided with it, killing Kevin Thomas Mylett.

Thereafter, Appellants filed a wrongful death action on behalf of Kevin Thomas Mylett against the Township as well as Timothy Adamsky and DOT.[2] The Township filed a preliminary objection to Appellants' complaint in the nature of a demurrer, asserting that it was immune from liability pursuant to Sections 8541 and 8542 of the Judicial Code (Code), 42 Pa.C.S. §§ 8541 and 8542. This preliminary objection was dismissed by the trial judge.[3]

Upon the completion of discovery, the Township filed a motion for summary judgment. In it, the Township again asserted that it was immune from Appellants' suit. Appellants opposed the Township's motion, contending that their case fell within one of at least three exceptions to governmental immunity; namely, (1) the exception regarding the dangerous condition of trees found in Section 8542(b)(4) of the Code, (2) the exception regarding the dangerous condition of traffic controls also found in Section 8542(b)(4) of the Code, and/or (3) the exception regarding the dangerous condition of streets found in Section 8542(b)(6) of the Code.

The trial judge, in granting the Township's motion for summary judgment,[4] made the following determinations regarding the alleged applicable exceptions:

2. In this case, we are concerned only with the action as it pertains to the Township.

3. The Township then filed its Answer and, in it, asserted immunity as an affirmative defense.

4. In all, the Township filed three motions for summary judgment. The first motion was denied by the trial judge as premature. The second motion was denied because counsel for the Township failed to appear for oral argument on the motion, which the Court interpreted as an indication that the Township had abandoned its motion. To the contrary, counsel for the Township had never received notice of the argument. Consequently, the Township filed a revised motion for summary judgment. It was this motion which the trial judge granted.

(1) The exception for the dangerous condition of trees (Section 8542(b)(4)) did not apply in this case because the tree was never "under the care, custody, or control" of the Township since it was not situated upon Township property, either before or after it fell. Moreover, the emergency protective actions taken by the Township police did not constitute the assumption by the Township of the care, custody, or control of the tree as those terms were intended by the Legislature.

(2) The exception for the dangerous condition of streets (Section 8542(b)(6)) did not apply in this case because Edison–Furlong Road was not "owned by the local agency" as required under Section 8542(b)(6) and, therefore, any assumption of control by the Township was irrelevant to the issue of liability.[5]

On appeal to this Court, Appellants argue that the trial court erred in granting summary judgment to the Township since genuine issues of material fact exist in this case regarding whether the actions taken by the Township's police constituted "care, custody, and control" with respect to the exception enumerated in Section 8542(b)(4) of the Code. Specifically, Appellants contend that the Township should not be immune from liability because, through the actions of its police, it assumed and maintained exclusive "care, custody, and control" over the fallen tree and the traffic controls utilized to stop oncoming motorists. Additionally, Appellants assert that a genuine issue of material fact exists in this case regarding whether, through the actions of its police, the Township assumed control of the part of Edison–Furlong Road where the tree had fallen, such that, at the time of the accident in question here, the Township had assumed ownership of the roadway with respect to the streets exception enumerated in Section 8542(b)(6) of the Code.

5. We note that, although it was raised, the trial judge, in his opinion, never addressed the exception regarding the dangerous condition of traffic controls (Section 8542(b)(6)).

■ Our scope of review of the grant of a motion for summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Hall v. Acme Markets, Inc.*, 110 Pa.Commonwealth Ct. 199, 532 A.2d 894 (1987). A motion for summary judgment is properly granted when the moving party has established that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b). In passing upon a motion for summary judgment, a trial court must not decide issues of fact; only whether there are issues of fact to be tried. *Wilk v. Haus*, 313 Pa.Superior Ct. 479, 460 A.2d 288 (1983).

Appellants first assert that the exceptions found in Section 8542(b)(4) of the Code, 42 Pa.C.S. § 8542(b)(4), regarding the dangerous condition of trees and traffic controls, apply in this case and impose liability on the Township for the actions of its police. Section 8542(b)(4) provides:

**(b) Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

(4) Trees, traffic controls and street lighting.—A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

■ With respect to the fallen tree, Appellants contend that it is a factual question as to whether the Township police in this case assumed and maintained exclusive care, custody, and control over the dangerous condition of the tree after it fell. It is Appellants' position that through the

actions of the Township's police, *i.e.*, placing flares and cones at the designated intersections and investigating a prior accident at the same site as where the fatality in this case occurred, the Township assumed and maintained care, custody, and control over the fallen tree. We disagree.

In *Costello v. Pittsburgh Athletic Co.*, 652 F.Supp. 1579 (W.D.Pa.1987), the plaintiffs sued the City of Pittsburgh for injuries sustained when a rocket from a post-game fireworks display at Three Rivers Stadium landed in the stands and exploded. Therein, the plaintiffs asserted that their case against the City fell within the real property exception of the Code[6] because the stadium was within the care, custody, or control of the City.

The district court, in granting the City's motion for summary judgment, determined that, as a matter of law, the stadium was not in the care, custody, or control of the City since the City did not own the stadium nor was it responsible for the care and/or maintenance of the stadium. Furthermore, the court rejected the plaintiffs' argument that the City assumed custody and control over the stadium when its fire department inspected and approved the fireworks and permitted the display. Specifically, the court stated:

> Plaintiffs argue that the stadium was in fact under the City's custody and control because the City Fire Department inspected and approved the fireworks and permitted the display to go on. These averments amount to no more than a failure to properly inspect or supervise, and that will not satisfy the real property exception.... To accept plaintiffs' theory of control would make the City potentially liable under the real property exception each time it conducted an inspection, even where as here the City did not own the property. We do not believe this was the intent or purpose of the Act.

*Id.* at 1580 (citations omitted).

While, admittedly, *Costello* involved the real property exception, rather than the trees exception, we believe that

6. Section 8542(b)(3) of the Code, 42 Pa.C.S. § 8542(b)(3).

the language used therein regarding what constitutes care, custody, and control applies equally to this case. Here, prior to its falling, there is no question that the tree was not in the Township's care, custody, or control because it was not within the right of way of a Township road nor was it located upon Township property. More importantly, even after the tree fell, the tree came to rest on ground, specifically a roadway, that also was not in the Township's care, custody, or control. As Appellants admitted in their pleadings, Edison–Furlong Road is a state highway. Based on this fact, DOT was the entity responsible to maintain the roadway and keep it clear of all obstacles. *Medina v. Township of Falls*, 71 Pa.Commonwealth Ct. 295, 454 A.2d 674 (1983). Nowhere in the record do Appellants assert that DOT contracted away this responsibility to the Township. As such, the Township had no authority to remove the downed tree from the roadway.[7] For this reason, we conclude that the fallen tree, as a matter of law, was not under the care, custody, or control of the Township.

Moreover, from our reading of Section 8542(b)(4) of the Code, 42 Pa.C.S. § 8542(b)(4),[8] as well as our understanding of *Costello*, we do not believe that the Township, through the actions of its police, could assume care, custody, or control of the dangerous tree in this case. We agree with the trial court's analysis that:

> it was the intention of the legislature in creating this specific exception that there be liability where a local agency negligently maintains and permits a dangerous condition to prevail over trees, traffic signs, lights or other traffic controls, street lights or street lighting

---

7. In the opinion in support of affirmance in *Mindala v. American Motors Corp.*, 518 Pa. 350, 543 A.2d 520 (1988) (affirmance by equally divided court), Justice Zappala stated that because the Township had no authority to install a stop sign, it was not within the "care, custody, or control" of the township.

8. In our review of this section, we are, of course, forever mindful of the directive of our Supreme Court, as noted in *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987), that all of the exceptions to governmental immunity must be narrowly construed in view of the expressed legislative intent to insulate local agencies from tort liability.

systems which are under the care, custody and control of the municipality. That condition did not exist in this case, and the police officers' efforts, appropriate or otherwise, to take some emergency protective actions, did not extend to the municipality the care, custody and control of this tree.

*Mylett v. Adamsky* (No. 87–005751–05–2, filed July 3, 1990), slip op. at 5–6. In other words, the Township's police, in placing flares and cones at the designated intersections, were merely attempting to re-route traffic around a dangerous condition which was never under their care, custody, or control.[9] As such, their actions cannot, as a matter of law, constitute the assumption of care, custody, or control of the dangerous tree.[10]

**9.** Even if we were to conclude that the Township, through the actions of its police, could have assumed care, custody, or control of the dangerous tree in this case, any care, custody, or control assumed by the Township was relinquished back to DOT when DOT appeared on the scene. As previously noted, a work crew from DOT, the entity responsible for removing the tree from the roadway, arrived at the location of the downed tree before the fatality here occurred. They left the scene, however, without securing it, in order to retrieve extra equipment. While they were gone, the accident happened.

**10.** In their brief, Appellants argue that the trial court erred in concluding that the Township's police had not assumed care, custody, or control of the fallen tree since it "based its analysis on the incorrect assumption that the police officers had no obligation or duty once they discovered the tree had fallen and presented a hazard." Appellants' brief at 17. With this argument, we believe that Appellants are, in actuality, attempting to intertwine the law as it relates to determining whether a duty exists under common law with the term "care, custody, or control" as that term is used in the exception regarding dangerous trees. Section 8542 of the Code, however, makes it clear that these determinations are not to be intertwined, but are independent hurdles over which Appellants must successfully leap in order to impose liability upon the Township. Specifically, pursuant to Section 8542(a) of the Code, 42 Pa.C.S. § 8542(a), it must first be determined that the acts complained of were actionable under a common law theory of negligence and that they were committed by officials acting within the scope of their authority. Only if both of these questions have been answered in the affirmative can Appellants' case proceed for a determination as to whether the acts complained of come within one of the enumerated exceptions to the general rule of governmental immunity. Accordingly, even if we should conclude that the Township's police owed a duty to Kevin Thomas Mylett, it does not

■ With respect to the flares and cones, Appellants assert that factual issues remain as to whether the actions of the Township's policemen in attempting to utilize flares and traffic cones which failed to adequately stop the Adamsky car, constitute "care, custody, or control" of a dangerous condition of traffic controls. In their complaint, however, Appellants did not plead that the Adamsky car collided with the downed tree because of any hazard created by the traffic controls. Instead, Appellants alleged that it was the fallen tree and obstructed highway which constituted the dangerous conditions from which it was reasonably foreseeable that risk of injury or death would occur. Appellants simply use the placement of traffic controls by the Township police as a means to support their contention that the Township assumed the care, custody, or control of the dangerous *tree.* As such, we conclude that Appellants have not plead sufficient facts to establish a cause of action under Section 8542(b)(4) of the Code as that section relates to the dangerous condition of traffic controls.

■ Finally, Appellants assert that the exception found in Section 8542(b)(6) of the Code, 42 Pa.C.S. § 8542(b)(6), regarding the dangerous condition of streets, applies in this case and imposes liability on the Township.[11] Section 8542(b)(6) provides in pertinent part:

> **(b) Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability of a local agency:
>
> (6) Streets.—
>
> (i) A dangerous condition of streets owned by the local agency, . . . .

According to the language of this exception, in order for liability to be imposed upon a local agency, the dangerous condition must occur on a street *which is owned by the*

necessarily correlate that we must then conclude that the actions of the Township's police placed the fallen tree under the care, custody, or control of the Township.

11. Because we are unsure from Appellants' brief whether they have withdrawn this argument, we will address it.

*local agency. See Campbell v. Department of Transportation,* 105 Pa.Commonwealth Ct. 494, 524 A.2d 1066, *petition for allowance of appeal denied,* 517 Pa. 627, 538 A.2d 880 (1987). As previously noted, Appellants admitted in their pleadings that Edison–Furlong Road is not owned by the Township, but rather, is a Pennsylvania state highway. Accordingly, this exception does not apply to this case.

Having concluded that Appellants' suit does not fall within any exception to governmental immunity, we affirm the decision of the trial court.

## ORDER

AND NOW, this 10th day of May, 1991, the order of the Court of Common Pleas in the above-captioned case is hereby affirmed.