613 A.2d 101

**Joseph HARRIS, a minor, by his parent and natural guardian, Christine HARRIS, Appellants,**

**v.**

**Johnnie HANBERRY and Vercie Hanberry and Marie Shird and City of Philadelphia, Appellees.**

Commonwealth Court of Pennsylvania.

Argued June 16, 1992.

Decided July 21, 1992.

---

Iris S. Pincus, for appellants.

Beverly J. Knightly, for appellees.

Before SMITH, Judge, KELLEY, Judge, LORD, Senior Judge.

LORD, Senior Judge.

In this case, minor plaintiff Joseph Harris (Harris) allegedly fell on May 31, 1988 on a defective sidewalk located at

2467/2469 N. 28th St., Philadelphia County. At the time, defendants Johnnie and Vercie Hanberry (Hanberrys) were the owners of 2467 N. 28th Street, a single-family dwelling. Marie Shird was the owner of 2469 N. 28th Street, a vacant lot.

The Hanberrys filed a motion for summary judgment and affidavits in support thereof, and the trial court granted their motion. Harris' appeal is from the grant of that motion.

■ Our scope of review from the grant of a motion for summary judgment is limited to a determination of whether the trial court made an error of law or abused its discretion. *Mylett v. Adamsky,* 139 Pa.Commonwealth Ct. 637, 591 A.2d 341 (1991).

The function of the court to which the motion for summary judgment is presented is clearly set forth in Pa.Rule of Civil Procedure 1035(b). Rule 1035(b) states:

> (b) The adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages.

Thus, the over-all purpose of a motion for summary judgment is to dispose of those cases in which there exists no factual issue to be decided at trial.

In granting the Hanberrys' summary judgment motion, the trial court relied on *Roland v. Kravco, Inc.,* 355 Pa.Superior Ct. 493, 513 A.2d 1029 (1986). In that case, our Superior Court succinctly but comprehensively enunciated the principles applicable to a motion for summary judgment. The Superior Court stated:

> Based on the record before us, we must decide if the court below properly granted the motions for summary

judgment. Such a motion should be granted where the pleadings, discovery and affidavits reflect no genuine issue of material fact. *Loyal Christian Benefit Association v. Bender,* 342 Pa.Super. 614, 493 A.2d 760 (1985); Pa.R.C.P. 1035(b). A summary judgment should only be entered in those cases which are clear and free from doubt. *Weiss v. Keystone Mack Sales, Inc.,* 310 Pa.Super. 425, 456 A.2d 1009 (1983). The court must accept as true all well pleaded facts in the plaintiff's pleadings, and give the plaintiff the benefit of all reasonable inferences to be drawn therefrom. *Just v. Sons of Italy Hall,* 240 Pa.Super. 416, 368 A.2d 308 (1976). Nevertheless, Pa.R.C.P. 1035(d) provides that where a motion for summary judgment has been supported by depositions, answers to interrogatories or affidavits, the non-moving party may not rest merely on the allegations of his pleadings.2

2 Pa.R.C.P. 1035(d) provides in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

"Where the allegations of the non-moving party's pleading have been controverted by the moving party's supporting material, the non-moving party must by affidavit, or in some other way provided for by the rule, set forth specific facts showing that a genuine issue of material fact exists." *Tom Morello Construction Co., Inc. v. Bridgeport Federal Savings and Loan Association,* 280 Pa.Super. 329, 334-5, 421 A.2d 747, 750 (1980). See also *First Mortgage Company of Pennsylvania v. McCall,* 313 Pa.Super. 54, 459 A.2d 406 (1983). *Id.* at 499-500, 513 A.2d at 1033.

We add to these propositions that if the party opposing the motion for summary judgment is unable at the time of the filing of the motion to present proof of a genuine issue of fact

by affidavit or other means provided in Rule 1035, he may request a continuance. Rule 1035(e) contemplates this situation, providing:

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

We now turn to this case in order to ascertain whether the trial judge committed an error of law or abused his discretion. The Hanberrys' motion was supported by an affidavit in which they swore that they owned 2467 N. 28th Street on the day of the alleged accident and that the the sidewalk in front of the house at 2467 was at all times properly maintained; but, upon hearing of the alleged accident, they went to the scene and saw a hole in the sidewalk in front of the vacant lot at 2469. They further swore that the sidewalk in front of the house at 2467 was in good and safe condition at the time of the purported accident.

The plaintiff filed an answer to the motion for summary judgment but did not attach affidavits. Instead, he relied, as he was entitled to do, upon his sworn answers to defendants' interrogatories and the photographs which were produced in discovery. The material interrogatories and answers thereto upon which the plaintiff relied are as follows:

### V.  Occurrence

*State:*

.     .     .     .     .

3.  The exact place of the occurrence, giving the location of same by distances and directions from specific objects, landmarks, or other points of reference;

Answer: The hole was in the "block" of the sidewalk near the curb immediately in front of the doors at 2467 and

extended into the next block on the sidewalk; See photographs of June 23, 1988, which show repaired sidewalk.

.    .    .    .    .

5.  Explain and describe what caused you to fall.

Answer: It was a big, deep hole, almost the size of a block in the sidewalk; it looked like the sidewalk had been dug up.

Again, with reference to the photographs, the plaintiff answered as follows:

*VII.  Investigation*

.    .    .    .    .

3.  Are you or anyone on your behalf in possession of any photographs of the local or surrounding area of the occurrence, or any other matters or things involved therein.

Answer: Yes.

(a) When and where such photographs were taken;

Answer: June 23, 1988; sidewalk and premises; 2467–2469 N. 28th Street

(b) The name and address of the party taking same;

Answer:   J.H. Bauer

146 S. Shady Retreat Road

Doylestown, PA 18901

(c) The subject or view each photograph represents;

Answer: Sidewalk and premises; 2467–2469 N. 28th Street

We have also examined the photographs which were taken on June 23, 1988, within a month of the accident, and find that they show both the 2469 and 2467 premises. Moreover, they arguably show that the sidewalk in front of both 2469 and 2467 has been recently repaired. The Hanberrys' argument that the photographs were labeled by Harris' own photographer as simply "2469 N. 28th Street" is therefore of no moment in light of what those pictures actually identify.

▪ Under these circumstances, the court below committed an error of law when it held Harris failed to raise a genuine issue of material fact. An issue certainly existed as to where

the accident took place [1] and as to whether the hole extended from the property at 2467 to the property at 2469. There also may well be an issue of whether the sidewalk in front of the house at 2467 was repaired before or after Harris' fall.

■ One other matter is worthy of comment. In his answer to the summary judgment motion and in his answers to defendants' interrogatories, Harris alleges the names of four witnesses to the accident. As the trial court stated, any argument by Harris that the motion should be denied because the Hanberrys did not depose those witnesses is erroneous. As we have pointed out above, if those witnesses were essential to oppose the Hanberrys' affidavits, Harris should have taken the necessary affidavits referred to in Rule 1035(e) and requested a continuance to secure those affidavits or to take depositions. No burden is placed on the moving party to take such affidavits or depositions. Rather, Rule 1035(d) places a burden on the non-moving party to answer and to present specific facts which show a genuine issue to be tried. *Roland*, 355 Pa.Superior Ct. at 501, 513 A.2d at 1034.

Here, however, the trial court clearly misapplied the Superior Court's determination in *Roland* that, because Rose Roland admitted she did not observe ice when she fell on a shopping center parking lot, "she had the obligation to show by affidavit or otherwise that there were icy ridges or elevations which caused her to fall." *Id.* at 500–501, 513 A.2d at 1033. The facts of *Roland* are inapposite to the facts of the case presently before us where, in Harris' answers to the Hanberrys' interrogatories, he offers a physical description of the hole which presented a dangerous condition. See Plaintiffs' Answers to Defendant's Interrogatories V(5).

Moreover, because Harris stated that the hole was located "in the 'block' of the sidewalk near the curb immediately in front of the doors at 2467 and extended into the next block on

1. Significantly, in their affidavit, the Hanberrys did not state where the alleged accident occurred because they did not see the accident. Instead, the Hanberrys asserted that their sidewalk was in a good and safe condition at the time of the alleged accident, but a hole existed on the property at 2469 N. 28th Street.

the sidewalk," the trial court erroneously held Harris failed to raise a factual issue because he did not indicate the alleged accident occurred on the Hanberrys' property.

Accordingly, because there existed a genuine issue of material fact to be tried, we reverse the trial court's order granting summary judgment.

## ORDER

AND NOW, this 21st day of July, 1992, the order of the Philadelphia County Court of Common Pleas, dated July 19, 1991, April Term 1990, No. 4123, is reversed.