## Dippold v. Laurel of DuBois

C.P. of Clearfield County, no. 95-1185-CD.

*George L. Daghir,* for plaintiff.
*J. Michael Dorezas,* for defendant.
*Matthew B. Taladay,* for co-defendant Valley Dairy.

AMMERMAN, *J.,* June 26, 1998—The above-captioned civil action was commenced by writ of summons on August 21, 1995, and the complaint was filed January 3, 1996. Leola A. Dippold, plaintiff, seeks to recover money damages for injuries sustained after she slipped and fell at the DuBois Mall. Plaintiff avers that the fall occurred on or about August 23, 1993, in the common area outside the premises of Valley Dairy. The complaint further alleges that plaintiff slipped and fell on what was later determined to be a chocolate milkshake or other substance which had been spilled on the floor. Plaintiff has alleged that Valley Dairy had received a report regarding the slippery condition of the floor prior to plaintiff's fall.

Laurel of DuBois, owner of the real estate on which the Dubois Mall is built, and the DuBois Mall are also defendants to this suit. For the purpose of dealing with the present motion for summary judgment, "defendant" will refer only to Valley Dairy.

Defendant filed a motion for summary judgment on May 15, 1998. Briefs by the parties having been timely received, the issue is now set for decision.

In considering a motion for summary judgment, the trial court must examine the entire record. *Morin v. Traveler's Rest Motel Inc.,* 704 A.2d 1085, 1086 (Pa. Super. 1997) (citing *Merriweather v. Philadelphia*

*Newspapers Inc.,* 453 Pa. Super. 464, 684 A.2d 137 (1996)). Summary judgment is properly granted when "pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Myers v. Penn Traffic Co.,* 414 Pa. Super. 181, 184, 606 A.2d 926, 927-28 (1992) (citing *Overly v. Kass,* 382 Pa. Super. 108, 110-11, 554 A.2d 970, 971-72 (1989)). Summary judgment may be entered only in cases where right is clear and free from doubt. *Id.* In addition, "[t]he record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 145, 615 A.2d 303, 304 (1992) (citing *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991)). Summary judgment serves to "eliminate the waste of time and resources of both litigants and the courts in cases where a trial would be a useless formality." *Liles v. Balmer,* 389 Pa. Super. 451, 454, 567 A.2d 691, 692 (1989).

The plaintiff has alleged that defendant was negligent in various respects. An action for negligence requires that the plaintiff establish: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. *Pittsburgh National Bank v. Perr,* 431 Pa. Super. 580, 584, 637 A.2d 334, 336 (1994). Thus, establishing a breach of a legal duty by the defendant is a condition precedent to a finding of negligence. *Shaw v. Kirschbaum,* 439 Pa. Super. 24, 29, 653 A.2d 12, 15 (1994).

In the area of premise liability, a possessor of land owes the highest duty of care to a person having the

status of business invitee. *Lonsdale v. Joseph Horne Co.,* 403 Pa. Super. 12, 18, 587 A.2d 810, 813 (1991). A business invitee is a visitor "who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Estate of Swift v. Northeastern Hospital of Philadelphia,* 456 Pa. Super. 330, 335, 690 A.2d 719, 722 (1997) (citing *Palange v. City of Philadelphia Law Department,* 433 Pa. Super. 373, 378, 640 A.2d 1305, 1308 (1994)). The courts of this Commonwealth have applied section 343 of the Restatement (Second) of Torts in articulating the duty owed to a business invitee. *Blackman v. Federal Realty Investment Trust,* 444 Pa. Super. 411, 415, 664 A.2d 139, 142 (1995). Liability arises when the party "knows of or reasonably should have known of the condition and the condition involves an unreasonable risk of harm, he should expect that the invitee will not realize it or will fail to protect themselves against it, and the party fails to exercise reasonable care to protect the invitees against the danger." *Id.* Furthermore, an invitee has the burden of proving the proprietor of the land either played a part in creating the harmful condition, or he had actual or constructive notice of such condition. *Moultrey v. Great A & P Tea Co.,* 281 Pa. Super. 525, 535, 422 A.2d 593, 598 (1980).

Generally, "the owner of a building who leases out different parts of the building has control over those areas not specifically leased and is, therefore, liable for negligence in the maintenance of the controlled areas even though the areas are appurtenant to one or more of the leaseholds." *Trude v. Martin,* 442 Pa. Super. 614, 626, 660 A.2d 626, 632 (1995) (citing *Portee v. Kronzek,* 194 Pa. Super. 193, 196, 166 A.2d 328, 330 (1960)).

The lease between defendant and Laurel of DuBois is significant to the disposition of the present issue. Leases between landlords and tenants are governed by contract law. *Pugh v. Holmes,* 486 Pa. 272, 284, 405 A.2d 897, 903 (1979). Contracts, statutes, and common law can be the source of a duty under Pennsylvania law. *Emerson v. Adult Community Total Services Inc.,* 842 F. Supp. 152 (E.D. Pa. 1994), *reconsideration denied,* 848 F. Supp. 44 (1994), *affirmed,* 39 F.3d 1169. Defendant has filed an affidavit of Joseph Greubel, president of Fairview Dairy Inc. d/b/a Valley Dairy, which includes a copy of the lease agreement and addendum in effect on August 23, 1993. The terms of the lease provide, in part, that:

"(1) Lessor covenants and agrees that during the term of this lease or renewal or extension thereof to provide parking areas, malls, approaches, exits, entrances and roadways, herein referred to as 'common areas' and to maintain the same in good repair, reasonably clear of snow and debris, except sidewalks and service areas contiguous to the demised premises, . . .

"(2) For this service, lessee agrees to pay in advance to lessor the sum of $.50, said sum herein referred to as 'common area payment,' each year for each square foot of floor space contained in the demised premises . . .

"(3) Common areas shall be subject to the rules and regulations as the lessor may, from time to time adopt, and lessor reserves the right to make changes, additions, alterations or improvements in and to such common areas, provided, that there shall be no unreasonable obstruction of lessee's right of access to the demised premises." Article XII of lease agreement, page 4.

The defendant has argued that as a tenant, it had no duty to control or maintain the area outside the

leased premises. Defendant further stated that absent a contrary provision in the lease, a tenant cannot be held liable for a slip and fall resulting from a dangerous condition of a common area, not within the leased premises, and had no duty to abate a dangerous condition in the common area. The plaintiff contends that among the inquiries still unresolved, are the issues of whether the plaintiff fell in a common area within the meaning of the subject lease, and whether the plaintiff fell within excluded areas described under the lease as "sidewalk or service area contiguous to the demised premises." The Oxford Dictionary has defined "contiguous" as "touching, in actual contact, next in space, meeting at a common boundary, bordering, adjoining; continuous, with its part in uninterrupted contact." *Lancaster City Annexation Case (No. 5),* 374 Pa. 546, 548, 98 A.2d 34, 35 (1953).

Whether the plaintiff's fall occurred within an area that the defendant controlled is an issue of fact. In *Harris by Harris v. Hanberry,* 149 Pa. Commw. 300, 613 A.2d 101 (1992), summary judgment in pedestrian's personal injury action was denied based on the existence of genuine issues of material fact as to location of accident, whether hole in sidewalk extended onto landowners' property from adjacent property, and whether sidewalk was repaired before accident. *Harris,* 149 Pa. Commw. 300, 304, 613 A.2d 101, 103 (1992). The court determined that an issue certainly existed as to where the accident took place as between two neighboring landowners, which precluded entry of summary judgment. *Id.* at 306, 613 A.2d at 104.

In conclusion, the plaintiff, as against the defendant, has pled all the necessary elements of negligence. Although the law tends to agree with the defendant regarding the general duty of care on the part of a tenant,

the court finds that the terms of the lease do not eliminate the possibility of liability on the part of the defendant. Therefore, after a thorough review of the record,[1] this court concludes that the plaintiff must be given an opportunity to prove her claim against the defendant at trial.

Wherefore, the court enters the following:

## ORDER

Now, June 26, 1998, consistent with the foregoing opinion, it is the order of this court that the motion for summary judgment filed on behalf of the defendant, Valley Dairy, be and is hereby denied.

1. The record indicates that no depositions were filed with the record in this case.