IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas W. Olick,                 :
               Appellant     :
                                :
        v.                    :
                                :
City of Easton, The Easton Suburban  :
Water Authority, Kyle A. Dreibelbies  :    No. 863 C.D. 2018
and Rob Christopher              :    Submitted: October 26, 2018


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: April 4, 2019


       Thomas W. Olick (Appellant) appeals from the June 14, 2018 order of the Northampton County Court of Common Pleas (trial court) dismissing his complaint against the City of Easton (City), Kyle A. Dreibelbies (Dreibelbies), and Rob Christopher (Christopher) (collectively, City Employees),[1] and The Easton Suburban Water Authority (Water Authority) (collectively, Appellees). The trial court sustained Appellees' demurrers to the complaint, and we affirm.

       Appellant owns two properties situated in the City: 1209-15 Chidsey Street (Vacant Lot) and 1220-22 Chidsey Street (Rental Property). In 2017, the City, through City Employees, cited Appellant for violations of local ordinances at Vacant Lot and Rental Property related to shade trees and sidewalks (collectively, the

---

[1] Dreibelbies is the City's code enforcement officer. Christopher acts as the City's Forester.

citations). Appellant unsuccessfully challenged the citations in Magisterial District Court and then appealed to the trial court. In the Complaint before the trial court, Appellant challenged the citations by claiming that the damage complained of in the citations predated his ownership of the properties and/or was occasioned by Appellees' negligence. The Complaint alleged a combination of negligence, fraud, and harassment against each of the Appellees.[2]

On January 22, 2018, the City and City Employees filed preliminary objections in the form of a demurrer based on the governmental immunity afforded to local agencies by Sections 8541-8542 of the Judicial Code, frequently referred to as the Political Subdivision Tort Claims Act, 42 Pa.C.S. §§ 8541-8542 (Tort Claims Act). The Water Authority followed suit, filing its own immunity-based preliminary objections in the form of a demurrer on January 31, 2018. On June 14, 2018, the trial court sustained Appellees' preliminary objections on the basis of governmental immunity and dismissed Appellant's Complaint.[3] Appellant timely appealed to this Court.[4]

---

[2] Complaint Count I identifies the City, Dreibelbies, and the Water Authority as defendants, but not Christopher. Count II names the City and both City Employees as defendants, but not the Water Authority.

[3] We note that the affirmative defense of governmental immunity must be pled in a responsive pleading under the heading "New Matter." Pa.R.C.P. No. 1030. However, "a court can address the defense of immunity on preliminary objections if the plaintiff has not objected." *Williams v. Phila. Hous. Auth.*, 873 A.2d 81, 84 n.2 (Pa. Cmwlth. 2005). Appellant did not object to Appellees' preliminary objections. Additionally, the defense of immunity is an unwaivable defense not subject to any procedural device that could result in liability beyond the exceptions granted by the legislature. *Williams*, 873 A.2d at 84 n.2. Therefore, the trial court appropriately considered the defense of governmental immunity in the context of ruling on Appellees' preliminary objections. *See id.*

[4] Where a trial court dismisses a complaint as a result of preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of

Appellant makes a number of allegations in the instant appeal, all of which hinge on whether the trial court erred in sustaining Appellees' preliminary objections on the basis of the governmental immunity enjoyed by all Appellees pursuant to the Tort Claims Act. *See* Appellant's Brief at 1-2.[5] Appellant alleges

discretion. *Brown v. Wetzel*, 179 A.3d 1161, 1164 n.2 (Pa. Cmwlth. 2018), *reargument denied* (Apr. 3, 2018).

> When considering preliminary objections, we must accept as true all well-pleaded material facts alleged in the complaint and all reasonable inferences deducible therefrom. A preliminary objection should be sustained only in cases when, based on the facts pleaded, it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief. Because a preliminary objection in the nature of a demurrer presents a question of law, this Court's standard of review of a court of common pleas' decision to sustain a demurrer is *de novo* and the scope of review is plenary. Similarly, whether immunity applies is a question of law subject to our *de novo* review.

*Id.* Given this standard of review, Appellant's claim regarding the veracity of statements made in Appellees' pleadings and testimony to the trial court is not properly before this Court at this time. *See infra* n.4, ¶ 7.

[5] Appellant lists his issues on appeal as follows:

> 1. Do Pa. [s]tatutes grant absolute immunity to municipalities, their employees and/or public utilities for their intentional negligent acts, willful/malicious misconduct, fraud and/or intentional blindness?

> 2. Is the Water Authority exempt from complying with the City of Easton's (the "City") ordinances governing trees, sidewalks and curbs (hereafter the "Codes")?

> 3. Can the City selectively enforce its Codes and, by so doing, shift the consequences of Code violations to third parties, i.e.[,] to the Appellant?

> 4. If the Codes prohibit property owners from engaging in even minor activities related to the planting, construction and care of trees, sidewalks and/or curbs in the City's Right of Way, is the City therefore in possession of the care, custody and control of those trees, sidewalks, and curbs?

3

that the Tort Claims Act's governmental immunity does not apply to his claims because they arise from Appellees' "negligent acts, willful misconduct and/or intentional blindness." Appellant's Brief at 3. We do not agree.

Generally, the Tort Claims Act provides local agencies, political subdivisions and their employees the defense of tort immunity as follows:

> [N]o local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

42 Pa.C.S. § 8541. This tort immunity defense is absolute, non-waivable, and clearly intended by the Tort Claims Act to insulate governmental entities from exposure to tort liability. *McShea v. City of Phila.*, 995 A.2d 334, 341 (Pa. 2010). Additionally, when acting within the scope of their employment, employees of local agencies enjoy immunity to the same extent as their employing agency.[6] *See* 42 Pa.C.S. § 8545 ("An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the

___

5. Did Appellant's Complaint sufficiently allege claims of Appellees' negligence, willful/malicious misconduct, intentional blindness and/or other torts?

6. Was the Appellant entitled to conduct reasonable discovery and/or an opportunity to amend his Complaint prior to the [trial] court's dismissal?

7. In their pleadings and testimony in the [trial] court [], did the Appellees engage in perjury and intentional misrepresentations?

Appellant's Brief at 1-2. *See supra* n.3 and *infra* n.13.

[6] We note that no dispute exists as to whether the City and the Water Authority are local agencies or that City Employees are, in fact, employees of the City who, at all relevant times, were acting within the scope of their employment. *See* Complaint at 1, ¶¶ 3-6.

4

scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter."). However, the Tort Claims Act waives immunity for certain categories of claims.

> Section 8542(a) of the Tort Claims Act states that a local agency shall be liable for damages if: (1) the damages would be recoverable under common law or a statute creating a cause of action if the injury were [sic] caused by a person not having available an immunity defense; (2) the injury was caused by the negligent acts of the local agency or its employee; and (3) the negligent acts fall within one of the enumerated exceptions to governmental immunity listed in Section 8542(b).

*Falor v. Sw. Pa. Water Auth.*, 102 A.3d 584, 586–87 (Pa. Cmwlth. 2014) (citing 42 Pa.C.S. § 8542(a)). Additionally, "[i]t is well-settled that where a plaintiff has averred willful misconduct on the part of local agency employees, section 8542(a)(2) of the Tort Claims Act [] bars recovery from the local agency because liability may be imposed on a local agency only for negligent acts." *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022 (Pa. Cmwlth. 2014). Negligent acts do not include "acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct." 42 Pa.C.S. § 8542(a)(2).

A plaintiff bears the burden of establishing that a common law or statutory cause of action exists against the local agency or political subdivision as a result of the negligent acts of any agency or subdivision or its employee acting within the scope of his office or duties. *Santori v. Snyder*, 645 A.2d 443, 446–47 (Pa. 1994). If the plaintiff satisfies this burden, he must then prove that the negligent act falls within one of the Tort Claims Act's enumerated exceptions to immunity. *Id.* at 447. The Tort Claims Act enumerates eight exceptions to governmental liability: (1) the

vehicle liability exception; (2) the care, custody, or control of personal property exception; (3) the real property exception; (4) the trees, traffic controls, and street lighting exception; (5) the utility service facilities exception; (6) the streets exception; (7) the sidewalks exception; and (8) the care, custody, or control of animals exception. 42 Pa.C.S. § 8542(b). "Because of the [Tort Claims Act's] clear intent to insulate government from exposure to tort liability, the exceptions to immunity are to be strictly construed." *Lockwood v. City of Pittsburgh*, 751 A.2d 1136, 1139 (Pa. 2000).

Here, Appellant's Complaint alleges that the City, through City Employees, issued citations for code violations at the Rental Property and the Vacant Lot that will require considerable remedial tree and sidewalk work to bring Appellant's properties into compliance with local codes. *See generally*, Complaint. Specifically, in Count I, Appellant alleges the code violations result from the Water Authority's 2009 repair of water pipes at the Rental Property. *See* Complaint at 11-14, ¶¶ 63-77. In Count II, Appellant alleges that the code violations are occasioned by the City having improperly planted trees at the Vacant Lot prior to Appellant's ownership. *Id.* at 14-17, ¶¶ 78-96. For these reasons, Appellant broadly alleges that the citations issued represent harassment, fraud, negligence and willful misconduct on the part of all Appellees in an effort to have Appellant pay for: (1) the Water Authority's negligent repair of water pipes and sidewalks at the Rental Property in 2009, and (2) the costs of tree and sidewalk work necessitated by the alleged improperly planted trees at the Vacant Lot, which Appellant claims should be properly borne by Appellees, the prior owners of the Vacant Lot. *Id.* at 11-17. Accordingly, Appellant claims he is entitled to the costs of the repairs and his litigation expenses as damages, as well as punitive damages. *Id.* at 6-7, 13 & 16.

6

Even if we assume that Appellant's claims satisfy the threshold requirement of raising claims for damages recoverable under common law, Appellant may only make out claims against the local agencies and its employees if one of the Tort Claims Act's enumerated exceptions to governmental immunity applies. *See Falor*, 102 A.3d at 586-87. As the trial court notes, only four of the enumerated immunity exceptions could possibly apply to Appellant's claims: (1) the real property exception; (2) the trees, traffic controls, and street lighting exception; (3) the sidewalk exception; and (4) the utility service facilities exception. *See* Trial Court Opinion at 7-10. In actuality, none apply.

First, the real property exception to governmental immunity applies only where alleged liability arises from the "care, custody or control of real property in the possession of the local agency." 42 Pa.C.S. § 8542(b)(3).[7] The Tort Claims Act, however, expressly excludes "trees," "sidewalks," and "facilities of [] water []

---

[7] Section 8542(b)(3) of the Tort Claims Act outlines the real property exception as follows:

> *Real property.*--The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, "real property" shall not include:
>
> > (i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;
> >
> > (ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;
> >
> > (iii) streets; or
> >
> > (iv) sidewalks.

42 Pa.C.S. § 8542(b)(3).

7

systems owned by the local agency and located within rights-of-way" from the definition of "real property." *See* 42 Pa.C.S. § 8542(b)(3)(i)-(ii) & (iv). Therefore, the trial court correctly determined that the real property exception cannot apply in this matter. *See* Trial Court Opinion at 7.

Next, the trees, traffic controls, and street lighting exception also does not apply. Regarding trees, this exception to governmental immunity applies where liability arises in relation to (1) a dangerous condition of trees, (2) under the care, custody, or control of a local agency. 42 Pa.C.S. § 8542(b)(4);[8] *see also Mylett v. Adamsky*, 591 A.2d 341, 345–46 (Pa. Cmwlth. 1991) (finding the tree exception to governmental immunity did not apply to a tree downed during a storm because the subject tree was not under the care, custody, or control of the township where it was on non-township property before falling and on a state highway after falling). The Complaint does not allege that the trees in question are under the care, custody, or control of Appellees. *See generally*, Complaint. Instead, the Complaint alleges merely that, at some point in the past, the City improperly planted the trees at the Vacant Lot (previously owned by the City, sold to a third party, and now owned by

---

[8] Section 8542(b)(4) of the Tort Claims Act outlines the trees, traffic controls and street lighting exception as follows:

> *Trees, traffic controls and street lighting.*--A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 Pa.C.S. § 8542(b)(4).

Appellant), and that the City should either have cited the prior owners and/or been held responsible itself for the costs of the required repairs.[9]  *See* Complaint at 6 & 9, ¶¶ 30, 32 & 52.  These allegations are insufficient to establish the care, custody, or control of the trees required to invoke the tree exception to governmental immunity. *See Osborne v. Cambridge Twp.*, 736 A.2d 715, 720–21 (Pa. Cmwlth. 1999) (holding that the tree exception was inapplicable where there was no evidence that the tree in question was on township property or that the township maintained the tree at the relevant time period); *Mylett*, 591 A.2d at 345 (finding that "there is no question that the tree was not in the [t]ownship's care, custody, or control" at the relevant time period where the tree was not located upon township property). Because the Complaint does not allege that the trees in question were under Appellees' care, custody, or control, the trial court correctly determined that the trees, traffic controls, and street lighting exception does not apply in the instant matter.  *See* Trial Court Opinion at 8.

Likewise, the sidewalks exception to governmental immunity is also inapplicable to the present matter.  The sidewalks exception allows for the imposition of liability on a local agency where an injury results from a dangerous condition that exists in the sidewalk itself.  42 Pa.C.S. § 8542(b)(7);[10] *see also*

---

[9] At various points in the Complaint, Appellant alleges the trees in question are located "near the Vacant Lot," "adjacent to the Vacant Lot," and "in front of the Vacant Lot."  Complaint at 5, ¶¶ 25-26 & 28.  We note, however, that the suggestion that the trees are located on some other property is incongruous with Appellant's allegation that the City negligently failed to enforce the ordinance against the prior owners of the Vacant Lot.  Complaint at 6, ¶ 32.

[10] Section 8542(b)(7) of the Tort Claims Act outlines the sidewalks exception as follows:

> *Sidewalks.*--A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be

*Alexander v. City of Meadville*, 61 A.3d 218, 226 (Pa. Super. 2012). "[T]he sidewalks exception requires proof that, in addition to being negligent, the governmental entity had notice of the dangerous condition and had an opportunity to remedy that condition, but failed to do so." *Alexander*, 61 A.3d at 226 (citing *Reid v. City of Phila.*, 957 A.2d 232, 234 n.1 (Pa. 2008)).

> The imposition of liability upon a governmental entity under the sidewalks exception is only permitted where it is alleged that the injury occurred as a result of a condition of the governmental realty itself deriving, originating, or having the realty as its source. Accordingly, there must be an allegation and *proof* that the substance on the sidewalk or other real estate was caused to be on the real estate because of an improper design, construction, deterioration, or inherent defect in the real estate itself. As such, the issue is whether there is a dangerous condition *of* the sidewalk as opposed to a dangerous condition *on* the sidewalk.

*Alexander*, 61 A.3d at 226 (internal quotations, brackets, and citations omitted; emphasis in original). To the extent Appellant's allegations concern sidewalks, the Complaint does not allege any injury that occurred as a result of a dangerous condition or defect of the sidewalk itself. *See generally*, Complaint. Instead, the Complaint alleges that negligent pipe repairs in 2009 caused cracks in the sidewalk

---

charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other persons shall be primarily liable.

42 Pa.C.S. § 8542(b)(7).

10

at the Rental Property that must now be repaired. *See id.* at 11-12, ¶¶ 66-68. This allegation claims a condition of the realty itself – a crack in a sidewalk – as a compensable injury. Such an allegation does not, however, state a claim for an injury deriving or originating from a dangerous condition of the realty – *i.e.*, a bodily injury resulting from tripping over a crack in a sidewalk. In other words, the dangerous condition of the realty must cause the injury; the condition of the realty cannot itself be the injury.[11] *See Alexander*, 61 A.3d at 226. As such, the sidewalks exception does not apply to Appellant's claims.

Additionally, the utility service facilities exception also does not apply. The utility service facilities exception applies where there exists "[a] dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way" and such dangerous condition causes an injury. 42 Pa.C.S. § 8542(b)(5).[12] The application of this exception

---

[11] We note that local agencies in Pennsylvania carry out their obligation to maintain and repair trees, sidewalks, and utility services facilities by issuing citations to landowners who are primarily responsible for the repairs required by the local agency's citations. *See Koerth v. Borough of Turtle Creek*, 49 A.2d 398, 399–400 (Pa. 1946) ("It is, of course, the duty of a municipality to maintain its sidewalks in a reasonably safe condition or, rather, when it has reasonable notice express or implied of a defective condition, to see that the property owner performs his duty to make the necessary repairs, the liability of the latter being primary and a[b]solute, that of the municipality secondary and supplemental."); *see also Restifo v. City of Phila.*, 617 A.2d 818, 820 (Pa. Cmwlth. 1992) ("a property owner has the primary duty of keeping the sidewalk in front of his property in repair, and the city's liability to see that the sidewalk is left in repair is secondary"). Appellant is the undisputed owner of the properties in question. *See* Trial Court Opinion at 2; Complaint at 1, ¶ 2.

[12] Section 8542(b)(5) of the Tort Claims Act outlines the utility service facilities exception as follows:

> *Utility service facilities.*--A dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be

11

requires an allegation of the existence of a dangerous condition inherent in the utility service facility itself. *Falor*, 102 A.3d at 588 (citing *Finn v. City of Phila.,* 664 A.2d 1342, 1345 (Pa. 1995)). The Complaint levels no allegations whatsoever that the water pipe in question, or any other utility service facility, itself represents a dangerous condition that caused an injury. *See* Complaint at 11-14. Rather, the Complaint alleges that improper repairs in 2009 caused the property damage to the sidewalk for which Appellant was cited. *Id.* As such, the claims contained in Appellant's Complaint do not fit within the utility service facilties exception. *See Falor*, 102 A.3d at 590.

As local agencies, both the City and the Water Authority enjoy governmental immunity. 42 Pa.C.S. § 8541. For the reasons above, none of the Tort Claims Act's enumerated exceptions to governmental immunity apply to either the City or the Water Authority. Further, the Tort Claims Act bars recovery from local agencies based on averred willful misconduct on the part of agency employees. *See Orange Stones Co.*, 87 A.3d at 1022 (stating "liability may be imposed on a local agency ***only for negligent acts***." (emphasis added)). Accordingly, the trial court properly sustained Appellees' preliminary objections related to the City and the Water Authority.

Further, the trial court also properly sustained Appellees' preliminary objections regarding Appellant's claims against City Employees. As previously noted, when acting within the scope of their employment, employees of local

---

charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 Pa.C.S. § 8542(b)(5).

12

agencies enjoy immunity to the same extent as their employing agencies. 42 Pa.C.S. § 8545. However, City Employees forfeit their immunity if their acts (a) caused Appellant's injury and (b) constituted a crime, actual fraud, actual malice or willful misconduct.[13] 42 Pa.C.S. § 8550.

The Complaint does not allege that City Employees were not employees of the City or that they were not acting within the scope of their employment when they issued the citations of which Appellant complains, and no dispute exists as to these points. *See* Complaint at 1, 11 & 14; Trial Court Opinion at 9. Further, the Complaint fails to state facts that adequately support an allegation that the City Employees' actions constituted a crime, actual fraud, actual malice or willful misconduct. Instead, the Complaint levels bald accusations that the City and City Employees issued the citations as part of what Appellant alternately alleges was "a fraudulent conspiracy to harass and defraud [Appellant]" and "a conspiracy between them to selectively prosecute [Appellant] to cure or remedy their own neglect." Complaint at 12 & 15, ¶¶ 72 & 86. Simply put, the allegations of the Complaint illustrate nothing more than the fact that City Employees performed their normal functions – *i.e.*, acted within the scope of their employment – by issuing citations with which Appellant vehemently disagrees for various reasons. *See Natt v. Labar*, 543 A.2d 223, 225 (Pa. Cmwlth. 1988) ("Conduct of an employee is within the scope of employment if it is of a kind and nature that the employee is employed to perform; it occurs substantially within the authorized time and space limits; it is

---

[13] For purposes of the Tort Claims Act, the term "willful misconduct" is synonymous with the term "intentional tort." *Orange Stones Co.*, 87 A.3d at 1023. "Under Pennsylvania law, 'willful misconduct' for which an employee of local agency is not immune, is misconduct which the perpetrator recognized was misconduct but still carried it out with intention of achieving exactly that wrongful purpose." *Allen v. Dist. Attorney's Office of Phila.*, 644 F. Supp. 2d 600, 611 (E.D. Pa. 2009).

13

actuated, at least in part, by a purpose to serve the employer[.]"). As alleged in the Complaint, City Employees' actions, even taken as true, do not (1) amount to either crimes or actual fraud; (2) do not evidence the existence of either actual malice or willful misconduct on City Employees' behalf; and (3) do not evidence any departure from their normal functions as employees of City. Accordingly, Appellant's Complaint fails to allege sufficient facts to support a claim that City Employees forfeited their right to the same governmental immunity enjoyed by their employer by engaging in crimes, fraud, malice, or willful misconduct outside the normal functions of their employment. *See Brown v. Wetzel*, 179 A.3d 1161, 1167 (Pa. Cmwlth. 2018), *reargument denied* (Apr. 3, 2018) (finding that trial court properly sustained preliminary objection based on immunity where plaintiff failed to allege that the defendant employees acted outside the scope of their employment).

For the preceding reasons, the trial court properly sustained Appellees' preliminary objections based on immunity.[14] Accordingly, we affirm the trial court's order.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[14] Appellant purports to raise a claim that the trial court improperly disallowed him the opportunity to amend his Complaint prior to dismissing the Complaint. *See* Appellant's Brief at 2, 24. However, because Appellant failed to develop this claim in any way in the body of his brief, the claim is waived. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

14

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas W. Olick,         :
           Appellant     :
                             :
       v.              :
                             :
City of Easton, The Easton Suburban   :
Water Authority, Kyle A. Dreibelbies   :    No. 863 C.D. 2018
and Rob Christopher           :

## O R D E R

AND NOW, this 4th day of April, 2019, the June 14, 2018 order of the Court of Common Pleas of Northampton County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge